1  Mark A. Maasch (CSB#120637)
   TURNER & MAASCH, INC.
2  550 West C Street, Suite 150
   San Diego, California  92101
3  Telephone (619) 237-1212
   Facsimile (619) 237-0325
4

5  Attorneys for Plaintiff, Jan Barranco-Grams

6

7                    UNITED STATES DISTRICT COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

   **FILED**
   08 MAR 24  AM 10: 26
   CLERK, U.S. DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
   BY                      DEPUTY

   08 CV 539  DMS POR

8  JAN BARRANCO-GRAMS, individually and on )   Case No.:
9  behalf of all others similarly situated        )
                                                   )   **CLASS ACTION COMPLAINT**
10              Plaintiff,                          )
                                                   )   Complaint for:
11       vs.                                        )   1. Violation of Cartwright Act
                                                   )   2. Violation of Unfair Competition Law
12  REDDY ICE HOLDINGS, INC., a Delaware           )   3. Unjust Enrichment
13  Corporation; ARCTIC GLACIER INCOME             )
    FUND, a foreign business entity; ARCTIC        )
14  GLACIER, INC., a Canadian corporation;         )
    ARCTIC GLACIER INTERNATIONAL, INC., a )
15  Delaware corporation; ARCTIC GLACIER           )
    CALIFORNIA, INC., a California corporation;    )
16  HOME CITY ICE COMPANY, a Ohio                  )
17  corporation; and DOES 1-100                    )
                                                   )
18              Defendants                          )

19  ─────────────────────────────────────────────

20      The Plaintiff, Jan Barranco-Grams ("Grams"), individually and on behalf of all others similarly

21  situated, hereby alleges as follows:

22                         **NATURE OF CLAIM**

23      1. Plaintiff alleges that Defendants, along with their co-conspirators, conspired to fix

24  prices, allocate markets and territories, and commit other anticompetitive practices with the

25  purpose and effect of unlawfully fixing, raising, maintaining, and/or stabilizing prices of packaged

26  cubed, crushed, block and dry ice ("Packaged Ice") sold in the United States and Canada.

27  \\\

28  \\\

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1673.01\b\01                              1

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

## JURISDICTION AND VENUE

2. Plaintiff is an adult resident of California, residing therein in the City of La Mesa, County of San Diego, who purchased packaged ice products from retailers in San Diego County, California

3. Defendant, Reddy Ice Holdings, Inc. is a Delaware corporation, with its principal place of business in Dallas, Texas. It purports to be the largest manufacturer of packaged ice in the United States, and sells its product in 31 states, including California.

4. Defendant, Arctic Glacier Income Fund, is a foreign business entity of unknown form, but believed to be organized under the laws of Canada. Plaintiff is further informed and believes that Arctic Glacier Income Fund is the holding company for its operating subsidiary, Arctic Glacier, Inc., a Canadian corporation (these two entities are jointly referred to hereafter as "Arctic Glacier").

5. Defendant, Arctic Glacier International, Inc. ("Arctic Glacier International"), is a Delaware corporation with its principal offices located in St. Paul, Minnesota. Plaintiff is informed and believes that Arctic Glacier International is the United States operating subsidiary of Arctic Glacier.

6. Defendant, Arctic Glacier California, Inc. ("Arctic Glacier California"), is a California corporation. Plaintiff is informed and believes that Arctic Glacier California is a subsidiary of Arctic Glacier and conducts business within California.

7. Defendant, Home City Ice Co., is an Ohio corporation with its principal office located in Cincinnati, Ohio.

8. Plaintiff is not presently aware of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named in this action as DOES 1 through 100, and each of them, and therefore sues such Defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each fictitiously named Defendant is legally responsible for the acts alleged herein, and is liable to Plaintiff as herein alleged.

9. Defendant is informed and believes, and on the basis of such information and belief alleges, that at all times mentioned herein, Defendants, and each of them, were agents and employees of each

1673.01\b\01

2

1  other Defendant, and, except as specifically alleged herein below, in doing the things hereinafter

2  mentioned, were acting within the scope of their authority as such agents and employees and with the

3  permission and consent of all other Defendants.

4        10.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5        11.    Venue is proper in this judicial district pursuant to  28 U.S.C. § 1391(a) as some

6  Defendants are conducting business within, are authorized to do business within, have agents

7  within, reside within, or are found within, this district, and are subject to personal jurisdiction in this

8  district.  In addition, substantial acts or events giving rise to the claims occurred within this district.

9  <center>**CLASS ACTION ALLEGATIONS**</center>

10        12.    Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil

11  Procedure, individually and on behalf of all others similarly situated. The "Class" is defined as:

12             All persons or entities who, during the period beginning from January 1,

13             2002 through the present (the "Class Period"), indirectly purchased packaged

14             ice in California for their own use and not for resale. Excluded from the Class

15             are Defendants and their, officers, directors and employees; any federal, state

16             or local governmental entity; and any judge, justice, or judicial officer

17             presiding over this matter and the members of their immediate families and

18             judicial staffs.

19        13.    The members of the Class are so numerous and geographically dispersed across the

20  country that joinder of all members of the Class would be impracticable. The exact number of Class

21  members is unknown by Plaintiff at this time, but Plaintiff believes that the Class is in the hundreds

22  of thousands.

23        14.    Plaintiff's claims are typical of the members of the Class because Plaintiff and all

24  members of the Class were damaged by the same wrongful conduct of Defendants alleged herein.

25  Plaintiff and the Class purchased Packaged Ice at artificially maintained, non-competitive prices

26  established by the actions of Defendants and their unnamed co-conspirators in connection with the

27  wrongful conduct alleged herein.

28  \\\

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101- 3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

15.    Plaintiff will fairly and adequately protect the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the Class. In addition, Plaintiff is represented by counsel who are experienced and competent in the prosecution of complex class action antitrust litigation.

16.    Questions of law and fact common to the members of the Class predominate over questions which may affect only individual members, if any, in that Defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are:

a.    Whether Defendants conspired with the purpose and effect of fixing prices, allocating markets, and committing other anticompetitive practices designed to unlawfully fix, raise, maintain, and/or stabilize prices of Packaged Ice;

b.    Whether Defendants' conduct violated Section 1 of the Cartwright Act;

c.    The existence, duration, and illegality of the contract, combination or conspiracy alleged herein;

d.    The effect upon and the extent of injuries sustained by Plaintiff and members of the Class and the appropriate type and/or measure of damages;

e.    Whether Defendants took affirmative steps to conceal the contract, combination or conspiracy alleged herein; and

f.    Whether Plaintiff and the Class are entitled to injunctive relief.

17.    Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by certain class members, who could not afford to individually litigate an antitrust claim against large corporate defendants.

18.    Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1673.01\b\01

4

Class Action Complaint

19.    The damages suffered by individual Class members are relatively small.  Thus, the expense and burden of individual litigation makes it virtually impossible for members of the Class to individually seek redress of the wrongs done to them by Defendants.  Plaintiff and her counsel are not aware of any reason why this case should not proceed as a class action.

## COMMON FACTS UPON WHICH THIS COMPLAINT IS BASED

20.    Defendants are the leading manufacturers of Packaged Ice in the United States and Canada.  Annual sales of Packaged Ice are approximately $1.8 billion.  Sales by Defendants comprise approximately 70% of the sales of Packaged Ice produced by third-party manufacturers.

21.    Beginning as early as January 1, 2002, the exact date being unknown to Plaintiff, and continuing thereafter to present day, Defendants and their co-conspirators engaged in an unlawful contract, combination or conspiracy with the purpose and effect of fixing prices, allocating markets and committing other anticompetitive practices designed to unlawfully fix, raise, maintain, and/or stabilize prices of Packaged Ice.

22.    The Packaged Ice industry has high barriers to entry. The industry has high start-up and replacement costs, and many customers carry only one brand of ice and have long tern relationships of ten or more years with the manufacturer from whom they purchase Packaged Ice products.

23.    During the Class Period, Defendants engaged in illegal, anticompetitive conduct by, *inter alia,* allocating markets so that Defendants were no longer in competition with each other.

24.    This resulted in the following market division: (1) Reddy Ice has the dominant market position in the U.S. sunbelt states, from Florida to Arizona, and the Northwest; (2) Arctic has a dominant market position in Minnesota, the Central and Northeastern states and California; and (3) Home City Ice has a dominant market position in the Midwest. There is virtually no overlap between the geographic markets in which each Defendant operates. Defendants agreed not to compete head to head in any of the markets in which one of them was dominant. Each region of the U.S. market, as previously alleged, is controlled by one particular Packaged Ice manufacturer.  This allocation of markets is apparent from the maps of the geographic areas for each of the three main producers, copies of which are attached hereto as Exhibit 1.

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101- 3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1673.01\b\01

5

25.    By engaging in conduct that allocated the market among Defendants, price competition was reduced or eliminated throughout the United States and Canada.

26.    It has been reported that Gina Talamona, a spokesperson for the United States Department of Justice ("U.S. DOJ"), acknowledged that the agency's Antitrust Division "is investigating the possibility of anti-competitive practices in the packaged-ice industry."

27.    Plaintiff if informed and believes that the U.S. DOJ investigation follows a civil complaint made by Jerry Antoniuk, owner of Polar Ice Express Inc., an Edmonton, Canada manufacturer and supplier of Packaged Ice. Mr. Antoniuk brought a civil antitrust suit against Arctic Glacier Inc., one of the Defendants here. Justice Richard Marceau of Court of Queen's Bench of Alberta found that Arctic Glacier engaged in strong-arm tactics in the Edmonton geographic area, including "muscling," bribing, and offering kickbacks to Polar Ice's customers. In that case, Justice Marceau awarded Polar Ice $50,000 in damages.

28.    Mr. Antoniuk is reported to have said that the Competition Bureau in Canada told him it will be investigating his complaints about Artic Glacier, and that he has been in contact with the U.S. DOJ, which said it may use court documents from the civil case in its investigation.

29.    In a News Release by Artic Glacier dated March 6, 2008, the company reported as follows:

> Arctic Glacier Income Fund (TSX:AG.UN) today announced that on March 5, 2008, its operating subsidiary, Arctic Glacier Inc., became aware the Antitrust Division of the United States Department of Justice is conducting an investigation into possible antitrust issues in the packaged ice industry. The company will cooperate with authorities in the course of the investigation.

30.    In a Press Release dated March 6, 2008, Reddy Ice Holdings, Inc., acknowledged that a search warrant had been issued and executed on its offices. The Press Release stated, in relevant part, "that federal officials executed a search warrant at the Company's corporate office in Dallas on March 5, 2008."

31.    Reddy Ice Holdings, Inc., issued a follow-up Press Release dated March 7, 2008, which stated, in relevant part, as follows:

Class Action Complaint

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1    Reddy Ice Holdings, Inc. (NYSE: FRZ) is providing further information to

2    supplement the press release issued on March 6, 2008 regarding the execution

3    of a search warrant at the Company's Dallas corporate office on March 5,

4    2008. The execution of the search warrant was directed by the Antitrust

5    Division of the United States Department of Justice in connection with an

6    investigation of the packaged ice industry. The Company's board of directors

7    has formed a special committee of independent directors to conduct an internal

8    investigation.

9    32.    In a follow-up News Release dated March 9, 2008, Artic Glacier Income Fund

10   reported that its operating company, Artic Glacier Inc. had received a subpoena. The News

11   Release stated, in relevant part, as follows:

12    Mr. Keith McMahon, President and Chief Executive Officer of Artic Glacier Inc.,

13    the Fund's operating company, said: "The Company is in receipt of a subpoena

14    requiring production of documents. The U.S. Department of Justice has requested

15    cooperation in the production of any such document and information located outside

16    of the U.S. that may assist in the investigation. Artic Glacier plans to comply with

17    the subpoena's request for information and documents in the U.S. and expects to

18    cooperate in providing relevant information and documents that may be located in

19    Canada."

20   33.    Reddy Ice spokeswoman Courtney Birck said that the DOJ did indeed take "various

21   documents and information."

22   34.    Between December 1, 2007 and January 3, 2008, both the Chief Operating Officer

23   and Chief Executive Officer of Reddy Ice resigned, just prior to the time the DOJ executed its search

24   warrants.

25   **ALLEGATIONS OF ANTITRUST INJURY**
     **TO PLAINTIFF AND THE CLASS**

26

27   35.    The aforesaid combination and conspiracy has had the following anticompetitive

28   effects, among others:

a.     price competition for Packaged Ice has been suppressed, restrained and eliminated;

b.     the price of Packaged Ice has been raised, fixed, maintained and stabilized at artificial and non-competitive levels; and

c.     customers of Packaged Ice were deprived of free and open competition in the Packaged Ice market.

36.     During the period covered, Defendants' supracompetitive pricing resulted in Plaintiff and the other members of the putative Class paying higher prices for Packaged Ice.  By reason of the alleged violations of the antitrust laws, Plaintiff and the Class have sustained injury to their business or property, having paid higher prices for Packaged Ice than they would have paid in the absence of the illegal contract, combination or conspiracy, and, as a result, have been injured and have suffered damages in an amount presently undetermined. This is an antitrust injury of the type that the antitrust laws were meant to punish and prevent.

37.     The specific amounts of damages have not yet been determined because such determination will require discovery. When these amounts have been determined, Plaintiff will seek leave of Court to amend this Complaint to include such amounts.

## FRAUDULENT CONCEALMENT

38.     The running of any statute of limitations has been suspended with respect to any claims which Plaintiff and the other members of the Class have sustained as a result of the unlawful combination and conspiracy alleged herein and with respect to their rights to injunctive relief by virtue of the doctrine of fraudulent concealment.  Defendants, through various devices and techniques of secrecy, affirmatively and fraudulently concealed the existence of the unlawful combination and conspiracy alleged herein.

## FIRST COUNT

**(Violation of Cartwright Act, Business and Professions Code § 16700 et seq.)**

39.     Plaintiff realleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

\\\

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101- 3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1673.01\b\01

8

Class Action Complaint

40.     Defendants formed the conspiracy alleged above and engaged in illegal acts in furtherance of the conspiracy as alleged above for the purpose of restraining trade and competition, thereby increasing the price they could charge for packaged ice.

41.     As a result of Defendants' acts, Plaintiff and all others similarly situated have been injured in the following respects:

      a.   They have had to pay higher prices for Packaged Ice, either supplied by Defendants or supplied by other ice companies who are not forced to lower prices to meet competition.

      b.   They have been deprived of the benefits of a free and unrestricted market in Packaged Ice.

      c.   Competition in establishing prices and locations has been restrained, suppressed or eliminated.

42.     Defendants' acts as alleged constitute a violation of the Cartwright Act, California Business and Professions Code § 16700 et seq.

43.     As a proximate result of Defendants' unlawful conduct, Plaintiff and all others similarly situated have been damaged in an amount to be established according to proof at trial.

44.     Plaintiff and all others similarly situated are entitled to recover treble damages.

## SECOND COUNT

### (Violation of Unfair Competition Law – B&P § 17200 et seq.)

45.     Plaintiff realleges and incorporates by reference paragraphs 1 through 44 above as though fully set forth herein.

46.     Defendants have engaged in unfair trade practices in violation of B&P § 17200 et seq., as alleged above.

47.     As a result of Defendants' violations of B&P § 17200, Plaintiff and all other consumers similarly situated have paid an excessive price for Packaged Ice, have thereby suffered injuries in fact, and have lost money as a result of the unfair competition.

48.     As a result of their actions, Defendants have been unjustly enriched themselves at the expense of California consumers.

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Law Offices
TURNER & MAASCH, INC
550 West C Street, Suite 1150
San Diego, California, 92101- 3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

49.    Defendants' unjust enrichment continues to accrue as they continue to engage in unlawful and unfair business acts and practices.

50.    To prevent their unjust enrichment, Defendants should be required, pursuant to B&P § 17203, to disgorge their illegal gains for the purpose of making restitution to all injured Class members identified hereinabove.

## FOURTH COUNT

## (Unjust Enrichment)

51.    Plaintiff realleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

52.    Plaintiff and other members of the Class purchased Packaged Ice at supra-competitive prices, which inured to the benefit of Defendants selling Packaged Ice in California. As a result, said Defendants have been unjustly enriched at the expense, and to the detriment, of Plaintiff and the Class.

53.    Allowing Defendants to retain the benefits of their inflated sales prices for Packaged Ice while Plaintiff and other members of the Class have the detriment of having paid a supracompetitive price, violates the fundamental principles of justice, equity, and good conscience.

54.    Plaintiff and the Class are entitled to recover Defendants' ill-gotten gains resulting from their illegal conduct as alleged herein.

55.    Plaintiff and the Class are entitled to the establishment of a constructive trust consisting of all Defendants' ill-gotten gains from which Plaintiff and the Class may make claims.

## JURY DEMAND

56.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

1. That the Court certify this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as Class Counsel;

1673.01\b\01

Class Action Complaint

2. That Plaintiff and the Class recover compensatory damages as allowed by law, as are determined to have been sustained by each of them, such amounts to be trebled in accordance with Federal and State antitrust laws;

3. Plaintiff and the Class receive restitution of Defendants' ill-gotten gains;

4. The imposition of a constructive trust for all of Defendants' ill-gotten gains;

5. An order enjoining Defendants from continuing in their illegal contract, combination or conspiracy as alleged herein;

6. Awarding Plaintiff and the Class attorneys' fees and costs in connection with maintaining this action; and

7. Such other and further relief as this Court deems just and equitable.

Dated: March 21, 2008

TURNER & MAASCH, INC.

By: _____
Mark A. Maasch
Attorneys for Plaintiff, Jan Barranco-Grams

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101- 3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Class Action Complaint

# REDDY ICE LOCATIONS



As of September 30, 2007

# ARCTIC GLACIER LOCATIONS



# Home Ice Plant Locations



UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 149036      - KD
* * C O P Y * *
March 24, 2008
10:34:55

Civ Fil Non-Pris
USAO #.: 08CV0539
Judge..: DANA M SABRAW
Amount.:
Check#.: BC 13379                $350.00 CK

Total-> $350.00

FROM: CIVIL FILING
      BARRANCO-GRAMS V. REDDY ICE
      HOLDING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JAN BARRANCO-GRAMS, an individual | REDDY ICE HOLDING, INC., a Delaware Corporation; (see complete list of Defendants attached as Exhibit "A") |
| (b) County of Residence of First Listed Plaintiff    San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant    n/a<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Mark A. Maasch (CSB#120637) of TURNER & MAASCH, INC.<br>550 West C Street, Suite 150, San Diego, California  92101, 619-327-1212 | Attorneys (If Known)<br>n/a |

'08 CV 539 DMS POR

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**      **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane      ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability      ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander      ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability      Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine      **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product      ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability      ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle      ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability      ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**      **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting      ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment      Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/      **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations      ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare      ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -      ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment      ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities -      ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332

Brief description of cause:
Violation of Sherman Act; and of Cartwright Act; Violation of Unfair Competition Law; Unjust Enrichment

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☑ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/24/2008 | Mark Maasch |

**FOR OFFICE USE ONLY**

RECEIPT # 149036  AMOUNT $350  APPLYING IFP no 3/24/08  JUDGE _____  MAG. JUDGE _____



JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                                    Brief Description: <u>Unauthorized reception of cable service</u>

**VII.      Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**EXHIBIT "A"**
**TO CIVIL COVER SHEET**
**LIST OF DEFENDANTS**
UNITED STATES DISTRICT COURT- SOUTHERN DISTRICT OF CALIFORNIA


REDDY ICE HOLDINGS, INC., a Delaware corporation; ARCTIC GLACIER INCOME
FUND, a foreign business entity; ARCTIC GLACIER, INC., a Canadian corporation;
ARCTIC GLACIER INTERNATIONAL, INC., a Delaware corporation; ARCTIC
GLACIER CALIFORNIA, INC., a California corporation; HOME CITY ICE
COMPANY, a Ohio corporation; and DOES 1-100

1673.01/b/