

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

08CV539 DMS(POR)

IN RE: PACKAGED ICE ANTITRUST
LITIGATION

MDL No. 1952

**PLAINTIFF MALL MART, INC. D/B/A MIDWAY BP'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE DISTRICT OF MINNESOTA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff Mall Mart, Inc. d/b/a Midway BP ("Mall Mart") respectfully moves the Judicial Panel on Multidistrict Litigation (the "Panel"), pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (the "MDL Rules"), for an Order transferring all related actions to the United States District Court for the District of Minnesota.

In support of this motion, and as more fully set forth in the accompanying memorandum, Mall Mart avers the following:

9249

1. To date, 37 antitrust class actions have been filed alleging a conspiracy to fix prices in the market of packaged cubed, crushed, block, and dry ice ("Packaged Ice") in violation of Section 1 of the Sherman Act.

2. The first-filed civil action is a class action filed in the U.S. District Court for the District of Minnesota on behalf of all direct purchasers of Packaged Ice. In all, 10 actions have been filed in the District of Minnesota. Pursuant to Rule 7.2(a)(ii) of the MDL Rules, a Schedule of Actions for which coordination and consolidation is requested is attached as Exhibit A to the accompanying memorandum in support of this motion (the "Related Actions").

3. The Related Actions proposed for transfer and consolidation are based on the same operative facts and therefore "involv[e] one or more common questions of fact" as required by 28 U.S.C. § 1407(a). Common questions of fact are: (1) whether Defendants conspired with the purpose and effect of fixing prices, allocating markets, and committing other anticompetitive practices designed to unlawfully fix, raise, maintain, and stabilize prices of Packaged Ice in the United States; (2) the identity of those who participated in the conspiratorial conduct; (3) the duration of the conspiracy; (4) the effect upon and the extent of injuries sustained by Plaintiff and members of the class; and (5) the appropriate type and/or measure of damages sustained by Plaintiff and members of the class. Transfer of the Related Actions for coordination will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve judicial resources.

4. The U.S. District Court for the District of Minnesota is the most appropriate forum for coordination or consolidation of the Actions.

5. The District of Minnesota has ample and experienced judicial resources.

9249

6. The District of Minnesota is the district with the first filed action and has a substantial number of actions pending.

7. The District of Minnesota has a superior MDL and general docket.

8. The District of Minnesota is centrally located and is an accessible and convenient forum for the parties, witnesses, and counsel.

9. The District of Minnesota is equipped with sophisticated state-of-the-art courtroom technology.

10. No action has significantly progressed in any jurisdiction and no judge has gained any significant experience with any of the Related Actions.

WHEREFORE, Plaintiff Mall Mart, Inc. d/b/a Midway BP respectfully requests that the MDL Panel issue an Order transferring the Related Actions and all subsequently-filed Related Actions to the U.S. District Court for the District of Minnesota for coordinated or consolidated pretrial proceedings.

9249

Dated: March 31, 2008

Respectfully submitted,

*[signature]*

Daniel E. Gustafson
Jason S. Kilene
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844

W. Joseph Bruckner
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339-6900

Dianne M. Nast
RodaNast, P.C.
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000

Dennis Stewart
Hulett Harper Stewart LLP
550 West "C" Street, Suite 1600
San Diego, CA 92101
(619) 338-1133

Kenneth A. Wexler
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 346-2222

John Dominguez
Berman DeValerio Pease Tabacco Burt
& Pucillo
Esperante Building, Suite 900
222 Lakeview Avenue
West Palm Beach, FL 33401
(561) 835-9400

9249

*Attorneys for Plaintiff*

9249