BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: PACKAGED ICE ANTITRUST LITIGATION | MDL No. 1952 |

**PLAINTIFF MALL MART, INC. D/B/A MIDWAY BP'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE DISTRICT OF MINNESOTA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Mall Mart, Inc. d/b/a Midway BP ("Mall Mart") respectfully submits this Memorandum of Law In Response to the Motion of Plaintiff Chi-Mar Enterprises, Inc. ("Chi-Mar") for the transfer of all related actions for coordination or consolidation of pretrial proceedings. While Mall Mart agrees that transfer of all related actions to a single court for consolidated or coordinated pretrial purposes is appropriate, Mall Mart respectfully requests that the Panel enter an Order transferring all related cases to the District of Minnesota before the honorable Chief Judge James M. Rosenbaum.

1

I.  **INTRODUCTION**

To date, 37 antitrust class actions have been filed alleging that the Defendants engaged in an international conspiracy with the purpose and effect of fixing prices, allocating markets and territories, and committing other anticompetitive practices designed to unlawfully fix, raise, maintain, and/or stabilize prices of packaged cubed, crushed, block, and dry ice ("Packaged Ice") in the United States (the "Related Actions"). *See* Exhibit A, Schedule of Actions. The first action asserting these claims was filed in the District of Minnesota on March 10, 2008 and was assigned to Chief Judge James M. Rosenbaum. Mall Mart filed its complaint on March 11, 2008 in the District of Minnesota. In all, 10 actions have been filed in the District of Minnesota and assigned to Chief Judge Rosenbaum. Substantially similar actions have also been filed in the Southern District of Ohio, the Northern District of Ohio, the Eastern District of Michigan, the District of Kansas, the Northern District of California, the Southern District of California, and the Northern District of Texas.

The actions subject to this transfer motion raise common issues of law and fact about Defendants' knowledge of, and participation in, this conspiracy. Transfer and consolidation or coordination of these actions, along with any subsequently-filed related cases, to the District of Minnesota, would serve the convenience of the parties and witnesses and promote the just and efficient prosecution of these actions.

As set forth below, the District of Minnesota is the most appropriate transferee district for several reasons: it has ample and experienced judicial resources; it is the district with the first filed action and has a substantial number of actions pending; it has a superior MDL and general docket; its central location is an accessible and convenient forum for the parties, witnesses and counsel; it is equipped with sophisticated state-of-the-art courtroom technology; and no action

9198

has significantly progressed in any jurisdiction and no judge has gained any significant experience with any of the Related Actions.

## II. ARGUMENT

### A. Transfer of these actions for coordination and consolidation to the District of Minnesota will further the goals of § 1407.

28 U.S.C. § 1407(a) authorizes the transfer of civil actions in different federal district courts involving common questions of fact to a single federal district court for coordinated or consolidated pretrial proceedings. The purpose of such transfers is to serve the convenience of the parties and witnesses and to promote just and efficient litigation. 28 U.S.C. § 1407. Section 1407(a) provides in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the Judicial Panel on Multidistrict Litigation authorized by this Section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

The litmus test for determining transferability and coordination under Section 1407 is the presence of common questions of fact. *See In re Managed Care Litig.*, 246 F. Supp. 2d 1363, 1364 (J.P.M.L. 2003). Here, all of the related actions involve common questions of fact, including: (1) whether Defendants conspired with the purpose and effect of fixing prices, allocating markets, and committing other anticompetitive practices designed to unlawfully fix, raise, maintain, and stabilize prices of Packaged Ice in the United States; (2) the identity of those who participated in the conspiratorial conduct; (3) the duration of the conspiracy; (4) the effect upon and the extent of injuries sustained by Mall Mart and members of the class; and (5) the appropriate type and/or measure of damages sustained by Mall Mart and members of the class.

9198

As a general rule, common questions are presumed "when two or more complaints assert comparable allegations against identical defendants based on similar transactions and events." *In re Air West, Inc. Securities Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981). The actions proposed for transfer and coordination or consolidation allege essentially the same deceptive conduct by the same Defendants during the same period of time based on the same underlying facts. Because of the many common questions of fact, consolidation would avoid duplicative, redundant and costly discovery proceedings, including repetitive motion practice and potentially conflicting discovery and other pretrial rulings. *See In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995); *see also In re Multi-Piece Rim Prod. Liability Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979). The Related Actions are therefore appropriate for a Section 1407 transfer.

### B. Transfer to the District of Minnesota will ensure the just and efficient adjudication of these actions.

Although all parties before the Panel agree that centralization is appropriate, the parties disagree on choice of transferee district. Section 1407 does not specify the factors that must be considered in determining the transferee court. But factors traditionally analyzed by the Panel support transfer to the District of Minnesota.

#### 1. The Honorable Chief Judge James M. Rosenbaum of the District of Minnesota is well suited to manage this multidistrict litigation.

A significant factor favoring transfer to the District of Minnesota is the fact that the first-filed case in this litigation was assigned to Chief Judge James M. Rosenbaum, a highly respected and able jurist, experienced in handling challenging multidistrict litigation. *See, e.g., In re Merscorp, Real Estate Settlement Procedures Act Litig.*, 473 F. Supp. 2d 1379, 1380 (J.P.M.L.

9198

2007). Chief Judge Rosenbaum was appointed to the federal bench for the District of Minnesota in 1985 and ascended to Chief Judge of the District of Minnesota in 2001. Immediately prior to his appointment to the bench, Chief Judge Rosenbaum served as the U.S. Attorney for the District of Minnesota. Prior to that, he spent 12 years in private practice.

Chief Judge Rosenbaum has previous experience in managing MDL proceedings and has done so capably and efficiently. Chief Judge Rosenbaum is currently presiding over *In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation,* MDL 1726 and *In re Mirapex Products Liability Litigation,* MDL 1836. However, a settlement in the *Medtronic* litigation has been reached and the matter is largely resolved. Having adeptly, effectively and efficiently managed this highly complex litigation, there can be no question as to Chief Judge Rosenbaum's ability and aptitude in managing multidistrict litigation.

2. **The District of Minnesota has ample judicial resources to handle this multidistrict litigation.**

In addition to Chief Judge Rosenbaum, the District of Minnesota has ample judicial resources to effectively and efficiently handle this multidistrict litigation. Judges within the District have efficiently handled numerous MDLs, including, among others, *In re Airline Ticket Commission Antitrust Litigation* (MDL No. 1058), *In re Monosodium Glutamate Antitrust Litigation* (MDL No. 1328), *In re KFC Corp. Fair Labor Standards Act Litigation* (MDL No. 1892), *In re C.H. Robinson Worldwide, Inc. Overtime Pay Litigation* (MDL No. 1849), *In re Viagra Products Liability Litigation* (MDL No. 1724), *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation* (MDL No. 1708), *In re Baycol Product Liability Litigation* (MDL No. 1431), and *In re St. Jude Medical, Inc. Silzone Heart Valves Products Liability Litigation* (MDL No. 1396).

9198

The District of Minnesota and Chief Judge Rosenbaum clearly have the capability, experience and resources to handle the pending related actions. As this Panel noted when transferring the *Baycol* litigation to Judge Davis:

> In concluding that the District of Minnesota is the appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to a major metropolitan court that i) is centrally located, ii) is not currently overtaxed with other multidistrict dockets, and iii) possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial tune and effort to pretrial matters that this complex docket is likely to require.

*In re Baycol Products Liability Litigation*, 2001 WL 34134820, *2 (J.P.M.L. 2001). The District of Minnesota's exemplary record in managing multidistrict litigation makes it the most appropriate district for transfer and consolidation of the Related Actions.

### 3. The District of Minnesota is the district with the first filed action and has a substantial number of actions pending.

The District of Minnesota is the venue of the first filed action in this litigation and has 10 actions currently pending pending. This Panel has held that the venue of the first filed action is a factor that supports the transfer and consolidation to that district. *See, e.g., In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006). These factors again favor the transfer of this litigation to the District of Minnesota.

### 4. Location and convenience of parties and witnesses.

An important factor in selecting the transferee court is the location and convenience of the parties and witnesses. *In re American Continental Corp./Lincoln Sav. And Loan Sec. Litig.*, 130 F.R.D. 475, 476 (J.P.M.L. 1990); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981). Of the districts at issue, Minnesota is the most convenient. The District is serviced by the Minneapolis-St. Paul International Airport, from where the region's new light rail transit can be taken to within steps of the federal courthouse.

9198

Moreover, Defendant Arctic Glacier International Inc. is a wholly-owned subsidiary of Defendant Arctic Glacier and serves as its operating and holding subsidiary in the United States. Artic Glacier Inc. is headquartered in Winnipeg, Manitoba, approximately 450 miles from the Twin Cities of Minneapolis and St. Paul. Additionally, Arctic Glacier International Inc.'s principal place of business is located in West St. Paul, Minnesota and it maintains operations in Marshall, Fridley, Brainerd, Rochester, and St. Cloud, all of which are located in the District of Minnesota. It is therefore likely that documents and witnesses will be located in the District of Minnesota. The presence of such substantial operations dictates that the District of Minnesota is an appropriate transferee forum for this litigation. *See In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (transferring litigation to Connecticut because one defendant was located there and documents and witnesses were likely to be found in the District).

The District of Minnesota is also, of course, a geographically central location. The Panel recognized this fact in transferring the *Guidant* litigation to Minnesota:

> Given the varied locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the District of Minnesota is an appropriate forum for this docket, we observe that this district, where at least ten actions are already pending before one judge, is a geographically central, metropolitan district equipped with the resources that this complex . . . litigation is likely to require.

*In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005). For the foregoing reasons, the District of Minnesota is a more appropriate district than other proposed districts.

While it may be true that a federal grand jury is empanelled in the Eastern District of Michigan for purposes of investigating this conspiracy, the Panel has repeatedly rejected the

9198

location of a related grand jury investigation as a dispositive factor in analyzing appropriate transferee forums. *See, e.g., In re Hydrogen Peroxide Antitrust Litig.,* 374 F. Supp. 2d 1345, 1346 (J.P.M.L 2005); *In re Elec. Carbon Products Antitrust Litig.,* 259 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003). It should also be noted that Defendant Reddy Ice Holdings, Inc. indicates it was served with grand jury subpoenas in March 2008. *See* Reddy Ice Holdings, Inc. Form 10-K filed March 14, 2008 for the period ending December 31, 2007, at page 24. Therefore, it is likely that the grand jury's investigation is in its preliminary stages. Moreover, there is no possible way to know how, if at all, this investigation will proceed or in what timeframe. As such, the location of the grand jury investigation is simply not a compelling factor.

### 5.  Sophisticated, state-of-the-art courtroom technology.

Courthouses in the District of Minnesota are equipped with some of the country's finest, sophisticated, state-of-the art courtroom technology. Courtroom features include a 10-inch touch panel control and 15-inch flat panel monitor for the judge, as well as two 15-inch monitors on the lower bench. Attorney tables are outfitted with 15-inch flat panel monitors. The jury is given four 15-inch flat panel monitors in one courtroom and two 20-inch monitors in another. Witnesses are provided an annotation monitor. Technological tools available for evidence presentation include a 5-inch touch panel control, an annotation monitor, a digital document camera, computer inputs and audio/visual components, including wireless microphones and pink noise to mask bench conferences.

In a case such as this, where technical details of Defendants' alleged anticompetitive conduct is a key issue, technology such as that described above is an important tool to understanding important facts. For these reasons, the District of Minnesota is an appropriate district for the transfer and consolidation of the Related Actions.

9198

6.  **Existence and relative progress of related actions.**

Other factors to be considered include the existence and progress of any related pending litigation, including whether any judge has become particularly familiar with the claims at issue. Here, the Related Actions have all been filed within days of each other. Consequently, no action has significantly progressed, and no judge has gained any significant experience with any of the Related Actions.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Mall Mart, Inc. d/b/a Midway BP respectfully submits that transfer of all Related Actions and any tag-along actions to a single district court pursuant to 28 U.S.C. § 1407 is warranted and the District of Minnesota is the most appropriate transferee court for consolidated or coordinated proceedings.

Dated: March 31, 2008

Respectfully submitted,

*signature*

Daniel E. Gustafson
Jason S. Kilene
**Gustafson Gluek PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844

W. Joseph Bruckner
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900

Dianne M. Nast
**RodaNast, P.C.**
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000

Dennis Stewart
**Hulett Harper Stewart LLP**
550 West "C" Street, Suite 1600
San Diego, CA 92101
(619) 338-1133

Kenneth A. Wexler
**Wexler Toriseva Wallace LLP**
One North LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 346-2222

John Dominguez
**Berman DeValerio Pease Tabacco Burt & Pucillo**
Esperante Building, Suite 900
222 Lakeview Avenue
West Palm Beach, FL 33401
(561) 835-9400

*Attorneys for Plaintiff*

9198

# EXHIBIT A

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In re Package Ice Antitrust Litigation* ) ) ) ) | MDL-1952 |

## SCHEDULE OF ACTIONS[1]

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Ridge Plaza Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00657 | James M. Rosenbaum |
| **Plaintiff:**<br>Mall Mart, Inc. d/b/a Midway BP<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00663 | James M. Rosenbaum |
| **Plaintiff:**<br>The Baron Group, Inc. d/b/a Baron's Ice House<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00670 | Joan N. Ericksen |
| **Plaintiff:**<br>Kozak Enterprises, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00704 | Ann D. Montgomery |

---

[1] The Complaints and Docket Sheets for each action are included in the attached Exhibits 1-37.

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Chi-Mar Enterprises, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Ohio (Cleveland) | 1:08cv00657 | Kathleen M. O'Malley |
| **Plaintiff:**<br>Champs Liquors, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | S.D. Ohio (Cincinnati) | 1:08cv00179 | Sandra S. Beckwith |
| **Plaintiffs:**<br>F & V Oil Company, Inc.; Lansdale Oil Company, Inc.; VB & FS Oil Company<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11152 | Paul D. Borman |
| **Plaintiff:**<br>Fu-Wah Mini Market<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Ohio (Cleveland) | 1:08cv00666 | Kathleen M. O'Malley |
| **Plaintiff:**<br>Solid Waste Ltd., Inc. d/b/a Bayland Marina<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00713 | Paul A. Magnuson |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Marin Scotty's Market, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. California (San Francisco) | 3:08cv01486 | Maxine M. Chesney |
| **Plaintiff:**<br>Thrifty Liquor Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00777 | David S. Doty |
| **Plaintiff:**<br>Elite Energy, LLC<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11201 | Lawrence P. Zatkoff |
| **Plaintiff:**<br>Silver Springs Liquor, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11200 | Arthur J. Tarnow |
| **Plaintiff:**<br>S and S Lima, Inc. d/b/a Dry Run Beverage<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11182 | George Caram Steeh |
| **Plaintiff:**<br>Five Angels Management d/b/a Frank A. Smith Beverages<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Texas (Dallas) | 3:08cv00480 | Jorge A. Solis |

9279

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Melrick, Inc. d/b/a North Main Short Stop<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11204 | Lawrence P. Zatkoff |
| **Plaintiff:**<br>RSB Wellman Co., Inc. d/b/a Twig's Carry Out<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11213 | Sean F. Cox |
| **Plaintiff:**<br>Warrington Fuels, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Ohio (Cleveland) | 1:08cv00692 | Kathleen M. O'Malley |
| **Plaintiff:**<br>Marchbanks Travel Service, Inc. d/b/a Bear Mountain Travel Stop<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Ohio (Cleveland) | 1:08cv00695 | James S. Gwin |
| **Plaintiff:**<br>Chukrid Khorchid, d/b/a 7-Eleven<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00808 | Joan M. Ericksen |

9279

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Joseph Massino<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Texas (Dallas) | 3:08cv00496 | Sidney A. Fitzwater |
| **Plaintiff:**<br>Joseph Krainc d/b/a Joe's Beer Distributor<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11238 | Avern Cohn |
| **Plaintiff:**<br>Rodney Blasingame<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Texas (Dallas) | 3:08cv00498 | Jane J. Boyle |
| **Plaintiff:**<br>G.M. Food & Fuel LLC d/b/a G.M. Food & Gas<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00826 | David S. Doty |
| **Plaintiff:**<br>Jan Barranco-Grams<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | S.D. California (San Diego) | 2:08cv539 | Dana M. Sabraw |
| **Plaintiff:**<br>Ethamma Emmanuel, d/b/a 7-11 25452<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Texas (Dallas) | 3:08cv00507 | Jorge A. Solis |

9279

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Circle Beer & Beverage, Inc. t/d/b/a Duffy's Pop & Beer Warehouse<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Ann Arbor) | 2:08cv11293 | John Corbett O'Meara |
| **Plaintiff:**<br>Joseph Difabritiis 7-11 Food Store #24428<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Texas (Dallas) | 3:08cv00512 | Sidney A. Fitzwater |
| **Plaintiff:**<br>Thomas Beverage Co., Inc. d/b/a Thomas Liquors<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00863 | Ann D. Montgomery |
| **Plaintiff:**<br>Public Foods, Inc., Americana Food Store, Inc., and Twin Value, LLC d/b/a Seaway Marketplace<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Minnesota | 0:08cv00862 | John R. Tunheim |
| **Plaintiff:**<br>Mazell LLC<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11315 | David M. Lawson |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Jenifer Valencia<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | Kansas (Kansas City) | 2:08cv2138 | Carlos Murguia |
| **Plaintiff:**<br>Linco Distributing Company, Inc. d/b/a Beer Minimum<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11330 | Arthur J. Tarnow |
| **Plaintiff:**<br>Y & R's, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan | 2:08cv11316 | Bernard A. Friedman |
| **Plaintiff:**<br>Rick Drontle d/b/a Ponytail Catering<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Texas (Dallas) | 3:08cv00536 | Jane J. Boyle |
| **Plaintiff:**<br>Wilson Farms, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | N.D. Texas (Dallas) | 3:08cv00537 | Jane J. Boyle |
| **Plaintiff:**<br>823 Sproul Inc. d/b/a Sproul Beverage<br>**Defendants:**<br>Reddy Ice Holdings, Inc.; Arctic Glacier Income Fund; Arctic Glacier Inc.; Arctic Glacier International Inc; Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv11345 | Bernard A. Friedman |

9279