FILED

APR 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE:** | **MDL No. 1952**    08CV539 DMS {POR7 |
| **PACKAGED ICE**<br>**ANTITRUST LITIGATION** | |

### RESPONSE OF FIVE ANGELS MANAGEMENT d/b/a FRANK A. SMITH BEVERAGES AND JOSEPH DiFABRITIIS 7-11 FOOD STORE #24428 IN SUPPORT OF TRANSFER TO THE NORTHERN DISTRICT OF TEXAS

Five Angels Management d/b/a Frank A. Smith Beverages ("Five Angels") and Joseph DiFabritiis 7-11 Food Store #24428 ("DiFabritiis 7-11") respond to the Motion to Consolidate and Transfer to the Northern District of Texas for Pretrial Proceedings filed by Plaintiff Rodney Blasingame as follows:

1.         Admitted in part. It is admitted that 28 U.S.C. § 1407 applies to the actions proposed for consolidation and transfer because those actions involve one or more common questions of fact and because they are premised on almost identical factual allegations regarding an alleged conspiracy to suppress competition in the market for packaged cubed, crushed, block and dry ice ("Packaged Ice") sold in the United States. By way of further response, Five Angels and DiFabritiis 7-11 believe that there are approximately 52 such actions suitable for consolidation and transfer.

1

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.  By way of further response, the Northern District of Texas is the most appropriate forum for transfer of these related actions for the reasons asserted in Rodney Blasingame's papers as well as for the following additional reasons:  (1) The largest manufacturer and distributor of packaged ice products in the United States, Reddy Ice, is headquartered in the District, making it highly likely that witnesses and documents relevant to sales, marketing, and other aspects of the conspiracy, will be located there; (2) the second largest defendant, Arctic Glacier, operates several production and distribution centers in the District, thus adding to the likelihood of relevant documents and witnesses located within the District; (3) the District's docket is less-crowded and more efficient than the alternative proposed forums; (4) the Honorable Jorge A. Solis, to whom 11 packaged ice actions have been assigned, has the required skill and experience to manage this matter and does not have any MDL actions pending before him; and (5) the District is located in Dallas, a metropolitan center that is geographically convenient for all parties and potential witnesses.

WHEREFORE, for the foregoing reasons and those set forth in the accompanying Memorandum, Five Angels and DiFabritiis 7-11 respectfully submit that the Northern District of Texas is superior to all the other proposed jurisdictions for transfer of the packaged ice litigation and request that the MDL Panel issue an Order transferring these actions to the United States Court for the Northern District of Texas for coordinated or consolidated pretrial proceedings.

2

Dated: April 24, 2008

Respectfully submitted,

FINE, KAPLAN AND BLACK, R.P.C.

_Roberta D. Liebenberg_

Roberta D. Liebenberg
Gerard A. Dever
Ria C. Momblanco
1835 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103

Michael P. Lynn
Richard A. Smith
LYNN TILLOTSON & PINKER, LLP
750 North St. Paul Street, Suite 1400
Dallas, Texas 75201

John R. Malkinson
MALKINSON & HALPERN, P.C.
223 West Jackson Boulevard, Suite 1010
Chicago, Illinois 60606

*Attorneys for Plaintiff Joseph DiFabritiis 7-11 Food
Store #24428*

Howard J. Sedran
Austin B. Cohen
Charles Sweedler
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106

Terrell W. Oxford
Barry C. Barnett
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, Texas 75202-3775

Stewart M. Weltman
WELTMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601-1664

David P. McLafferty
MCLAFFERTY & ASSOCIATES P.C.
923 Fayette Street
Conshohocken, Pennsylvania  19428

*Attorneys for Plaintiff Five Angels Management d/b/a
Frank A. Smith Beverages*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE:**<br><br>**PACKAGED ICE**<br>**ANTITRUST LITIGATION** | **MDL No. 1952** |

### RESPONSE MEMORANDUM OF FIVE ANGELS MANAGEMENT d/b/a FRANK A. SMITH BEVERAGES AND JOSEPH DiFABRITIIS 7-11 FOOD STORE #24428 IN SUPPORT OF TRANSFER TO THE NORTHERN DISTRICT OF TEXAS

## I. INTRODUCTION

Five Angels Management d/b/a Frank A. Smith Beverages ("Five Angels") and Joseph

DiFabritiis 7-11 Food Store #24428 ("DiFabritiis 7-11") (collectively, "Respondents")[1]

respectfully submit this Memorandum in accordance with 28 U.S.C. §1407 ("Section 1407") and

Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, supporting

the motion for centralization and transfer to the Northern District of Texas filed by plaintiff

Rodney Blasingame, and opposing motions for transfer to other districts. Currently, there are 52

---

[1] Respondents are plaintiffs in *Five Angels Management d/b/a Frank A. Smith Beverages v. Reddy Ice Holdings, Inc., et al.,* No. 08-CV-480 (N.D. Tex.), and *Joseph DiFabritiis 7-11 Food Store #24428 v. Reddy Ice Holdings, Inc., et al.,* No. 08-CV-512 (N.D. Tex.), respectively. These cases have each been assigned to Judge Solis.

1

substantially similar actions (collectively, the "related actions") pending in 8 different forums,

alleging an antitrust conspiracy related to the pricing of packaged ice. The parties who have filed

papers with the Panel seek to have those related actions coordinated or consolidated for pretrial

purposes and transferred to their district of choice.[2] Five Angels and DiFabritiis 7-11 agree that

all of these cases should be consolidated and transferred in accord with Section 1407, and they

respectfully submit that the Northern District of Texas is superior to all the other proposed

jurisdictions because:

- The largest manufacturer and distributor of packaged ice products in the United States, Reddy Ice, is headquartered in Dallas, which is squarely within the Northern District of Texas;

- The second largest defendant, Arctic Glacier, operates several production and distribution centers in the Northern District of Texas;

- The docket of the Northern District of Texas is less-crowded and more efficient than the dockets of the alternative forums;

- The Honorable Jorge A. Solis, to whom 11 packaged ice actions have been assigned, has the required skill and experience to manage this matter and does not have any MDL actions pending before him; and

- The Northern District of Texas is located in Dallas, a metropolitan center that is geographically convenient for all parties and potential witnesses.

---

[2]    As set forth in Exhibit "A," attached hereto, counsel for Five Angels and DiFabritiis 7-11 are aware of 5 motions and 2 responses on file with the Panel that argue for transfer of the related actions to one of four districts: Plaintiff Rodney Blasingame moves for transfer to the Northern District of Texas; Plaintiffs Ridge Plaza, Inc. ("Ridge Plaza") and Mall Mart, Inc. d/b/a Midway BP ("Mall Mart") move for transfer to the District of Minnesota; Plaintiffs Elite Energy LLC ("Elite Energy") and S&S Lima, Inc. d/b/a Dry Run Beverage ("S&S") move for transfer to the Eastern District of Michigan; and Plaintiffs Chi-Mar Enterprises, Inc. ("Chi-Mar") and Fu-Wah Mini Market ("Fu-Wah") move for transfer to the Northern District of Ohio, or alternatively, the Eastern District of Michigan.

## II.  BACKGROUND

Presently, there are 52 antitrust class actions before the Panel, each asserting that a group of common defendants participated in a conspiracy to fix, raise, maintain or stabilize prices for packaged ice.  Each complaint alleges antitrust violations under Section 1 of the Sherman Act (15 U.S.C. §1) in connection with defendants' alleged conspiracy to restrain trade by entering into an illegal agreement to fix, raise, maintain or stabilize prices for packaged ice, resulting in artificially high and non-competitive prices.  Each complaint is brought as a class action on behalf of a class of plaintiffs that directly purchased packaged ice.

## III.  ARGUMENT

In relevant part, Section 1407(a) specifies that the Panel may consolidate and transfer two or more civil cases for coordinated pretrial proceedings upon a determination that (a) the cases "involv[e] one or more common questions of fact", (b) the transfers would further "the convenience of parties and witnesses," and (c) the transfers "will promote the just and efficient conduct of [the] actions."  The actions under consideration here clearly meet these criteria and should be consolidated and transferred to the Northern District of Texas for pretrial proceedings.

It bears emphasis that none of the parties in the 52 related actions opposes consolidation and transfer.  As set forth below at pages 8-17, transfer to the Northern District of Texas would best promote judicial efficiency and economy.

### A.    The Actions Involve One or More Common Questions of Fact

The first Section 1407(a) requirement - that the cases "involv[e] one or more common questions of fact" - is plainly met here.  The actions before the Panel contain numerous common questions of law and fact, including:

3

(a)    Whether defendants and their co-conspirators engaged in a combination and conspiracy among themselves to fix, raise, maintain or stabilize prices for packaged ice;

(b)    The identity of the participants in the alleged conspiracy;

(c)    The duration of the alleged conspiracy and the acts performed by defendants and their co-conspirators in furtherance of the conspiracy;

(d)    Whether the alleged conspiracy violated Section 1 of the Sherman Act;

(e)    Whether the conduct of defendants and their co-conspirators caused injury to the business or property of plaintiffs who directly purchased packaged ice;

(f)    The effect of defendants' conspiracy on the prices of packaged ice sold in the United States during the period that the conspiracy was in effect; and

(g)    The appropriate measure of damages sustained by plaintiffs who purchased packaged ice at anticompetitive prices.

In light of the identity of questions of law and fact, consolidation and transfer are highly appropriate. *See, e.g., In re Methyl Metacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1346 (J.P.M.L. 2006) (centralization appropriate where common questions of fact existed in several actions alleging price-fixing conspiracy).  Indeed, the Panel has recognized that transfer is appropriate for multidistrict antitrust actions such as this where there typically are common factual questions concerning the existence, scope and effect of the alleged conspiracy. *See, e.g., In re Graphics Processing Units Antitrust Litig.*, 483 F. Supp. 2d 1356, 1357 (J.P.M.L. 2007) (centralizing actions in single forum after finding "common factual allegations concerning defendants' alleged conspiracy to fix the price"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 483 F. Supp. 2d 1353, 1354 (J.P.M.L. 2007) (same); *In re Intern. Air Transp. Surcharge Antitrust Litig.*, 460 F. Supp. 2d 1377, 1378 (J.P.M.L. 2006) (same).

4

Thus, it is clear that the common issues presented in each action weigh in favor of consolidation.

**B.      Transfer Will Further the Convenience of the Parties and Witnesses**

Transfer of these actions will also serve "the convenience of parties and witnesses." 28 U.S.C. § 1407(a).  As set forth in greater detail, *infra*, pp. 8-10, Reddy Ice, the largest common defendant, is located in the Northern District of Texas.  Additionally, Arctic Glacier, the second largest defendant, operates several production and distribution centers in that district.  Transfer of these actions to the Northern District, therefore, would greatly serve the convenience of those involved in the litigation since it is highly likely that persons and documents relating to marketing, sales, and other aspects of the conspiracy are located in that district.

Plaintiffs in each of the related actions will seek to depose the same core of individuals, the current and former employees and officers of the companies believed to be involved in, or with relevant knowledge about, the alleged packaged ice price-fixing conspiracy, and plaintiffs will seek discovery of the same body of documents.  With centralization in the Northern District of Texas, a single court would be able to "consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions." *In re Pharmastem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005).  It is beyond doubt that the savings in time and expense resulting from centralization of these actions will benefit the plaintiffs, defendants and judicial system as a whole. *See, e.g., In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (noting that transfer will "thereby effectuat[e] an overall savings of cost and a minimum of inconvenience to all concerned").

5

### C.    Transfer Will Promote the Just and Efficient Conduct of These Actions

Transfer will also "promote the just and efficient conduct of [the] actions." 28 U.S.C. §

1407(a). In light of the substantially identical facts alleged in the related actions, and especially

given that discovery has not yet begun in any of these actions, centralization and transfer will

"eliminate duplicative discovery [and] prevent inconsistent pretrial rulings." *In re Tri-State*

*Water Rights Litig.*, 481 F. Supp. 2d 1351, 1352 (J.P.M.L. 2007). This will benefit the parties

and conserve overtaxed judicial resources. *See In re Internal Revenue Service § 1031 Tax*

*Deferred Exchange Litig.*, 528 F. Supp. 2d 1343, 1344 (J.P.M.L. 2007) ("Centralization under

Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings

(particularly with respect to the issue of class certification); and conserve the resources of the

parties, their counsel and the judiciary."); *In re Brimonidine Patent Litig.*, 507 F. Supp. 2d 1381,

1381 (J.P.M.L. 2007) (same).

In addition, transfer will facilitate the uniformity of class action treatment. The fact that

the plaintiffs in the related actions will seek certification of substantially similar putative classes

makes them particularly attractive candidates for consolidation.[3] The Panel has "consistently

held that transfer of actions under Section 1407 is appropriate, if not necessary, where the

possibility of inconsistent class determinations exists." *In re Sugar Indus. Antitrust Litig.*, 395 F.

Supp. 1271, 1273 (J.P.M.L. 1975); *see also In re Sterling Financial Corp. Securities Litig.*, 528

F. Supp. 2d 1353, 1354 (J.P.M.L. 2007) ("Centralization under Section 1407 will ... prevent

inconsistent rulings on pretrial motions, especially with respect to class certification"); *In re*

---

[3]    Following consolidation, plaintiffs in the pending class actions will, in all
likelihood, file a consolidated amended complaint so that the claims will be identical.

*FEMA Trailer Formaldehyde Products Liability Litig.*, 528 F. Supp. 2d 1350, 1351 (J.P.M.L.

2007) (same); *In re RadioShack Corp. "ERISA" Litig.*, 528 F. Supp. 2d 1348, 1349 (J.P.M.L.

2007) (same).  Given the identity, or close similarity, of the proposed classes in these actions, the

parties and the courts would benefit if the related actions were "before a single transferee judge

who can structure pretrial proceedings to ensure that pretrial discovery and rulings will occur in a

manner that minimizes the risk of duplication or inconsistency and that thereby leads to the just

and expeditious resolution of all actions to the overall benefit of those involved." *In re*

*Compression Labs, Inc., Patent Litig.*, 360 F. Supp. 2d 1367, 1368 (J.P.M.L. 2005); *see also In*

*re Wireless Telephone Federal Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378, 1379 (J.P.M.L.

2003) ("Centralization ... is thus necessary in order to eliminate duplicative discovery [and]

prevent inconsistent pretrial rulings (especially with respect to overlapping class

certifications)...").

    Furthermore, antitrust actions, such as these related actions, are among the most

frequently consolidated matters because they involve large numbers of litigants residing in

various federal districts and the common injuries are predicated on the same core of common

facts.  As a result, the Panel has consistently found antitrust litigation sufficiently complex to

warrant transfer.  *See, e.g., In re Chocolate Confectionary Antitrust Litig.*, MDL No. 1935, 2008

WL 926121, at *1 (J.P.M.L. Apr. 7, 2008); *In re: Southeastern Milk Antitrust Litig.*, 530 F. Supp.

2d 1359, 1359 (J.P.M.L. 2008); *In re Fasteners Antitrust Litig.*, 536 F. Supp. 2d 1378, 1379

(J.P.M.L. 2008);  *In re Ditropan XL Antitrust Litig.*, 429 F. Supp. 2d 1364, 1365-66 (J.P.M.L.

2006); *In re Intern. Air Transp. Surcharge*, 460 F. Supp. 2d at 1378.

For these reasons, transfer of the related actions for coordination or consolidation in a single forum is appropriate.

**D.     This Panel Should Transfer These Actions to the Northern District of Texas**

**1.     The Northern District of Texas Is the Focal Point of This Litigation**

One of the primary factors frequently considered when deciding on a transferee forum is if any single district stands out as the "geographic focal point" or "center of gravity" for the litigation. Here, the "center of gravity" for the related actions is the Northern District of Texas. It is the district where defendant Reddy Ice -- the largest manufacturer and distributor of packaged ice products in the United States -- is headquartered. Reddy Ice serves 82,000 customers in 31 states and manufactures 17,000 tons of ice daily. In addition, the second largest defendant in the United States, Arctic Glacier, operates a production center in Lubbock, Texas as well as distribution centers in Amarillo, Comanche and San Angelo, Texas, all of which are located in the Northern District of Texas.

The Panel regularly chooses a transferee forum based on the fact that a defendant is headquartered within that forum. *See In re Sw. Life Ins. Co. Sales Practices Litig.*, 268 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (transferring actions to the Northern District of Texas because defendant's home office was located in Dallas and therefore "relevant documents and witnesses [were] likely located there," despite fact that no constituent action was pending in the District); *In re Chocolate*, 2008 WL 926121, at *1 (transferring actions to Middle District of Pennsylvania "[b]ecause defendant Hershey's worldwide headquarters are located there"); *In re Hydrogen Peroxide Antitrust Litig.*, 374 F. Supp. 2d 1345, 1346 (J.P.M.L. 2005) (determining that transferee forum was appropriate since it had "a nexus to the litigation given the presence of two

8

of the largest domestic producers of hydrogen peroxide – both of which are named as defendants – within blocks of the federal courthouse in this district"); *In re Carbon Black Antitrust Litig.*, 277 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (transfer of consolidated actions to district where one defendant had principal place of business). In addition to the presence of a defendant's headquarters, the fact that other defendants may also have a presence in or near the district further supports transfer to that district. *See In re Chocolate,* 2008 WL 926121, at *1 (choosing district where "several of the defendants maintain a presence in or near that district").

The presence of a defendant's corporate headquarters or other principal place of business in a forum militates strongly in favor of transfer to that forum since it "implies that relevant witnesses and documents are likely to be found there." *In re UICI "Association -Group" Insurance Litig.,* 305 F. Supp. 2d 1360, 1362 (J.P.M.L. 2004); *In re Sw. Life Ins. Co.,* 268 F. Supp. 2d at 1378 (same); *In re RadioShack ,*528 F. Supp. 2d at 1349 (same); *In re European Rail Pass Antitrust Litig.*, MDL No. 1386, 2001 WL 587855, at *1 (J.P.M.L. Feb. 7, 2001) (favoring transfer to forum "in which the largest common defendant is headquartered, and, accordingly, witnesses and documents should be found").[4]

Ridge Plaza and Mall Mart argue for transfer to the District of Minnesota because defendant Arctic Glacier maintains its United States headquarters in St. Paul. However, their

---

[4]     Plaintiffs in favor of transfer to the Eastern District of Michigan argue that the forum is appropriate because a grand jury has been empaneled there and some documents may be found there. However, as discussed *infra,* pp. 14-17, production of documents, even documents seized by the Government, often comes from the defendant, not the government. Additionally, though documents may be located outside of Texas, the relevant witness employees of Reddy Ice are most likely in Texas and, to the extent they must be subpoenaed for deposition, it will be more efficient if the court that issues and enforces any subpoena is also the court handling the litigation.

9

argument ignores the fact that Arctic Glacier is a Canadian corporation and its real corporate headquarters are actually located approximately 450 miles away in Winnipeg, Manitoba. Accordingly, the fact that one of Arctic Glacier's 63 subsidiaries (37 of which are located throughout the United States) is located in the District of Minnesota does not create a strong inference that documents or witness are more likely to be found there. Indeed, as noted above, Arctic Glacier also maintains a significant presence in the Northern District of Texas.

Another defendant named in many of the related actions, Home City Ice, maintains its corporate headquarters in the Southern District of Ohio. Home City, however, is significantly smaller than Reddy Ice,[5] and neither of the larger defendants, Reddy Ice and Arctic Glacier, have production centers or facilities in Ohio. Thus, Ohio is not a focal point of this litigation. Based upon the size of the defendants' respective operations and forum presence (or lack thereof), a "corporate headquarters" test favors the Northern District of Texas over the Southern District of Ohio.

As set forth above, the fact that defendant Reddy Ice, the largest manufacturer and distributor of packaged ice in the United States, has its corporate headquarters in Dallas, Texas, together with the fact that defendant Arctic Glacier maintains multiple facilities and has a significant presence in the Northern District of Texas, supports transfer to the Northern District of Texas.

---

[5]    As noted above, Reddy Ice serves customers in 31 states and manufactures 17,000 tons of ice daily. By contrast, Home City Ice only serves customers in 10 states and manufactures 4,400 tons of ice per day.

2.    **The Northern District of Texas Has the Resources and Judicial Expertise Necessary to Manage This Litigation**

The other plaintiffs who have filed for transfer to their favored jurisdictions have cherry-picked a few Federal Court Management statistics to argue for transfer to those jurisdictions based on judicial efficiency and caseload.  However, by almost every relevant metric, judicial statistics strongly favor the Northern District of Texas.  First, judges in the Northern District of Texas are less burdened than judges located in the District of Minnesota, the Eastern District of Michigan, the Northern District of Ohio and the Southern District of Ohio[6].  In particular, for the 12-month period ending September 30, 2007, the Northern District of Texas had 351 civil filings per judge and had 324 pending cases per judge.  *See* U.S. District Court - Judicial Caseload Profiles, attached hereto as Exhibit "B."  As shown in the table below, these numbers demonstrate that judges in the Northern District of Texas are significantly less burdened than judges in the other potential forums:

|  | N.D. Tex. | D. Minn. | E.D. Mich. | N.D. Ohio | S.D. Ohio |
|---|---|---|---|---|---|
| Civil Filings per judgeship | 351 | 773 | 372 | 379 | 355 |
| Pending cases per judgeship | 324 | 881 | 421 | 481 | 445 |
| Median time from filing to disposition of a civil action | 6.8 months | 13.7 months | 8.3 months | 10 months | 10.6 months |
| % of civil actions over 3 years old | 1.4 | 4.5 | 3.2 | 11 | 6.5 |

---

[6]    Statistics for the Southern District of Ohio are included because, as discussed above, defendant Home City Ice is headquartered there.

11

Thus, the Northern District of Texas has the best statistics for expeditiously handling its docket. In particular, the median time from filing to disposition for civil matters in that District is a mere 6.8 months and only 1.4% of civil cases pending there are over three years old. *Id.* These numbers demonstrate that the Northern District of Texas disposes of its cases far more quickly than the other potential forums.

In sum, by almost any measure, judicial statistics strongly favor transfer to the Northern District of Texas.

### 3. Judge Solis of the Northern District of Texas Is Well Qualified to Manage This Multidistrict Litigation

The packaged ice lawsuits filed in the Northern District of Texas have been assigned to the Honorable Jorge A. Solis. Judge Solis' experience and ability are additional factors that militate strongly in favor of transferring these actions to the Northern District of Texas. The availability of an experienced and capable judge is one of the factors that may be considered in determining the appropriate transferee forum and weighs in favor of transferring a case to that forum. *See, e.g., In re TJX Companies., Inc.,* 505 F. Supp. 2d 1379, 1380 (J.P.M.L. 2007) (transfer of actions to a "judge with the time and experience to steer this litigation on a prudent course"); *In re: Boscov's Dept. Store, LLC, Fair and Accurate Credit Transactions ACT (FACTA) Litig.,* 528 F. Supp. 2d 1341, 1342 (J.P.M.L. 2007) (same); *In re Vonage Marketing and Sales Practices,* 505 F. Supp. 2d 1375, 1377 (J.P.M.L. 2007) (same).[7]

Judge Solis is qualified to preside over this litigation. During his tenure, Judge Solis has handled numerous complex matters, including antitrust and class action litigation. *See, e.g.,*

---

[7] Familiarity of any of the proposed judges with this particular litigation is not a factor because none of the pending actions has yet advanced past the preliminary filings.

*Massey v. Sony BMG Music Entertainment, et al.,* Civ. A. No. 3:06-cv-01531 (filed Aug. 23,

2006) (antitrust action before Judge Solis); *Poliner v Texas Health Systems,* Civ. A. No. 3:00-

CV-1007-P, 2006 WL 770425, at *1 (N.D. Tex. Mar. 27, 2006) (antitrust action filed before

Judge Solis); *Clary v. Southwest Airlines,* 2007 WL 4947690, at *1 (N.D. Tex. Dec. 17, 2007)

(class action involving family medical leave act before Judge Solis); *Richard NMI Bell v.*

*Acendant Solutions, Inc.,* Civ. A. No. 3:01-CV-0166, 2002 WL 638571, at *1 (N.D. Tex. Apr.

17, 2002) (consolidation of six class actions before Judge Solis); *Holley v. Kitty Hawk, Inc.,* 200

F.R.D. 275, 276 (N.D. Tex. 2001) (consolidation of four class actions before Judge Solis); *In re*

*Allied Pilots Class Action Litig.,* CIV. A. 3:99-CV-0480P, 2000 WL 1405235, at *2 (N.D. Tex.

Sept. 26, 2000) (class action before Judge Solis).

Currently, Judge Solis has not been assigned any MDL proceedings, and thus, he is able

to devote the time and resources necessary to handle this litigation.[8]

### 4.      The Northern District of Texas Is A Convenient Forum

The Northern District of Texas is readily accessible for the parties and potential

witnesses. Dallas is a large city having ample hotel accommodations and sophisticated legal

support services. Dallas is also served by a large international airport and is conveniently located

near the middle of the country, making it easily reached by all parties. Accordingly,

considerations of geographic convenience, the availability of accommodations and the

---

[8]      By contrast, the District of Minnesota's Judge Rosenbaum, whom Ridge Plaza
and Mall Mart propose to serve as the transferee Judge, is currently presiding over two MDL
proceedings. The Northern District of Ohio's Judge O'Malley, whom Chi-Mar and Fu-Wah
propose to serve as the transferee Judge, is currently presiding over three MDL proceedings. *See*
Distribution of Pending MDL Dockets, attached hereto as Exhibit "C." Consequently, these
alternative Judges appear less available to devote the time and resources that this complex
litigation will require than Judge Solis.

availability of legal services also weigh in favor of transfer to the Northern District of Texas. *See*

*In re Enron Corp. Securities, Derivative and "ERISA" Litig.,* 196 F. Supp. 2d 1375, 1376-77

(J.P.M.L. 2002) (noting that transferee forum was appropriate since it had "a major metropolitan

center that is well served by major airlines, provides ample hotel and office accommodations,

and offers a well developed support system for legal services."); *In re Guidant Corp. Implantable*

*Defibrillators Products Liability Litig.*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005) (transferring

to forum that was a "geographically central, metropolitan district equipped with the resources

that [] complex products liability litigation is likely to require").

> **5.    Location of the Grand Jury Is Not a Dispositive Factor for Transfer**

Elite Energy and S&S argue for transfer to the Eastern District of Michigan based on the

pendency of grand jury proceedings.[9]  However, the location of a criminal grand jury

investigation is an inappropriate reason for choosing a forum for multidistrict transfer of civil

cases absent some other <u>real</u> relationship between the forum and the parties or the underlying

actions.  This Panel has consistently held that the locus of a related governmental investigation is

not a dispositive factor in selecting the transferee forum. *See In re Hydrogen Peroxide,* 374 F.

Supp. 2d at 1346 (transferring actions to forum where two of the largest defendants were present,

despite grand jury proceedings in alternate forum); *In re Elec. Carbon Prods. Antitrust Litig.,*

259 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003) (transferring actions to forum other than that where

grand jury proceedings were located); *In re Corn Derivatives Antitrust Litig.,* 486 F. Supp. 929,

931-932 (J.P.M.L. 1980) (same); *In re Catfish Antitrust Litig.*, M.D.L. No. 928 (J.P.M.L. June

---

[9]     Chi-Mar and Fu-Wah make similar arguments when arguing for transfer to the
Eastern District of Michigan in the event that the Northern District of Ohio is considered and
inappropriate transferee forum.

25, 1992) (transferring private antitrust class action to Northern District of Mississippi, where most defendants were located, notwithstanding pendency of grand jury investigating related criminal price-fixing in Eastern District of Pennsylvania), attached hereto as Exhibit "D"; *see also In re Flat Glass Antitrust Litig.*, M.D.L. No. 1200 (J.P.M.L. Dec. 4, 1997) (transferring private antitrust class action to Western District of Pennsylvania, near most defendants, notwithstanding pendency of criminal price-fixing investigation by Justice Department before grand jury in Northern District of Texas), attached hereto as Exhibit "E"; *In re Commercial Explosives Antitrust Litig.*, M.D.L. No. 1093 (J.P.M.L. Feb. 21, 1996) (transferring private antitrust class action to District of Utah, where many interested parties were located, rather than Northern District of Texas, where related Justice Department investigation was based), attached hereto as Exhibit "F"; *In re Residential Doors Antitrust Litig.*, M.D.L., No. 1039 (J.P.M.L. Dec. 1, 1994) (transferring civil antitrust class action to Eastern District of Pennsylvania, notwithstanding pendency of grand jury investigating related criminal price-fixing in Northern District of Florida), attached hereto as Exhibit "G."

Elite Energy and S&S also argue for transfer to the Eastern District of Michigan based on the fact that documents seized from the defendants are located there. Elite Energy argues that the grand jury may have the only copy in existence of the seized documents, while S&S argues that the heavy weight and volume of the seized documents would make it inconvenient to ship them to a faraway forum. Both of these purported justifications for transfer are incorrect.

First, it is not common for the DOJ to produce subpoenaed or seized documents to private litigants in related actions. Typically, in private antitrust actions, documents that have been previously provided to the grand jury or the DOJ are produced, not by the DOJ, but by the parties

themselves, pursuant to discovery requests or Rule 26 initial disclosures. *See, e.g., In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, at *12 (E.D. Pa. Nov. 29, 2004) ("[D]efendants in antitrust litigation regularly agree through joint discovery schedules to produce documents submitted to the DOJ, grand juries, and other investigatory authorities concerning the basis for the antitrust civil suit.") (citing *In re Acrylonitrile Butadiene Rubber (NBR) Antitrust Litig.*, No. 03-cv-1898 (W.D. Pa. June 14, 2004) (parties agreeing in proposed discovery schedule to produce documents submitted to grand jury or DOJ); *In re Rubber Chemicals Antitrust Litigation*, No. 03-CV-1496 (N.D. Cal. Jan. 26, 2004) (documents produced to grand jury or DOJ subpoenas in related criminal investigation included within Rule 26 initial disclosures); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, No. 03-MD-1542 (PCD) (D. Conn. Oct. 31, 2003) (parties agreeing in proposed discovery schedule to produce all documents submitted to DOJ or grand jury)).

In fact, courts regularly recognize that documents produced to the grand jury or DOJ are within the defendant's control and regularly compel defendants to produce them to private civil plaintiffs. *Plastics Additives*, 2004 WL 2743591, at *13 (ordering defendants to produce all documents that were produced to the DOJ, any grand jury, and any domestic investigatory authority in connection with an investigation of the plastics additives industry); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 556, 559-61 (N.D. Ga. 1992) (compelling defendants in a private antitrust action to produce the documents that they provided to the government in response to a government investigation); *In re Wirebound Boxes Antitrust Litig.*, 126 F.R.D. 554, 556 (D. Minn. 1989) (same); *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers,*

16

*Inc.*, 87 F.R.D. 53, 59 (E.D. Pa. 1980) (recognizing that compelling production of these documents "seems to accord with prevailing practice").

Second, defendants who have had documents seized by the government may request that the government provide them with copies of all such documents. Fed. R. Crim. P. 16(a)(1)(E) ("Upon a defendant's request, the government must permit the defendant to inspect *and* to copy or photograph ... documents [or] tangible objects ... if the item is within the government's possession, custody, or control and ... the item was obtained from or belongs to the defendant.") (emphasis added); *United States v. Hill*, 322 F. Supp. 2d 1081, 1091 (C.D. Cal. 2004) (holding that defendant was entitled to obtain two "mirror image" copies of computer storage media seized by government); *United States v. Bremer*, 482 F. Supp. 821, 823 (W.D. Okl. 1979) (holding that defendant was entitled to copy or photograph documents and tangible objects that were in the possession, custody or control of the government and were obtained from or belonged to defendant); *United States v. Mannino*, 480 F. Supp. 1182, 1187 (S.D.N.Y. 1979) (same); *see also In re Search Warrants*, 117 F.R.D. 591, 595 (W.D. Mich. 1987) (holding that document owners are entitled to copies of the seized documents; "The court's warrants which grant the government a right to obtain these documents does not, of itself, automatically extinguish the access previously enjoyed by their legitimate owners.").

In sum, the mere presence of a grand jury investigation in a particular district does not suffice to warrant transfer to that district. As demonstrated above, the Panel has repeatedly recognized that the location of the headquarters of the largest defendant is a far more significant factor in determining the transferee forum.

17

## IV. <u>CONCLUSION</u>

For the reasons set forth above, judicial convenience and efficiency would best be served by consolidating and transferring these actions to the United States District Court for the Northern District of Texas.

Dated: April 24, 2008                    Respectfully submitted,

FINE, KAPLAN AND BLACK, R.P.C.

Roberta D. Liebenberg
Gerard A. Dever
Ria C. Momblanco
1835 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103

Michael P. Lynn
Richard A. Smith
LYNN TILLOTSON & PINKER, LLP
750 North St. Paul Street, Suite 1400
Dallas, Texas 75201

John R. Malkinson
MALKINSON & HALPERN, P.C.
223 West Jackson Boulevard, Suite 1010
Chicago, Illinois 60606

*Attorneys for Plaintiff Joseph DiFabritiis 7-11*
*Food Store #24428*

Howard J. Sedran
Austin B. Cohen
Charles Sweedler
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106

18

Terrell W. Oxford
Barry C. Barnett
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, Texas 75202-3775

Stewart M. Weltman
WELTMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601-1664

David P. McLafferty
MCLAFFERTY & ASSOCIATES P.C.
923 Fayette Street
Conshohocken, Pennsylvania 19428

*Attorneys for Plaintiff Five Angels Management*
*d/b/a Frank A. Smith Beverages*

19

# EXHIBIT "A"

**Exhibit A:  Parties Filing Papers with Judicial Panel on Multidistrict Litigation
and Their Forum of Choice**

| Filing Party | Filing Status | Transfer Forum |
|---|---|---|
| Plaintiff Rodney Blasingame ("Blasingame") | Movant | Northern District of Texas |
| Plaintiffs Ridge Plaza Inc., the Baron Group, Inc. d/b/a Baron's Ice House, Solid Waste Ltd., Inc. d/b/a Bayland Marina, Thrifty Liquor Inc. and Silver Springs Liquor Inc. (Collectively, "Ridge Plaza") | Movant | District of Minnesota |
| Plaintiff Elite Energy LLC ("Elite Energy") | Movant | Eastern District of Michigan |
| Plaintiff Chi-Mar Enterprises, Inc ("Chi-Mar") | Movant | Northern District of Ohio or, alternatively, the Eastern District of Michigan |
| Plaintiff Mall Mart, Inc. d/b/a Midway BP ("Mall Mart") | Movant | District of Minnesota |
| Plaintiff S&S Lima, Inc., d/b/a Dry Run Beverage ("S&S") | Respondent | Eastern District of Michigan |
| Plaintiffs Fu-Wah Mini Market and Marchbanks Travel Service, Inc. d/b/a Bear Mount Travel Stop (collectively, "Fu-Wah") | Respondent | Northern District of Ohio or, alternatively, the Eastern District of Michigan |

# EXHIBIT "B"

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| TEXAS NORTHERN | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 5,312 | 5,646 | 5,895 | 6,560 | 6,985 | 6,591 | | |
| | Terminations | | 5,580 | 5,745 | 6,179 | 7,191 | 6,111 | 6,413 | | |
| | Pending | | 3,888 | 4,326 | 4,390 | 4,686 | 5,455 | 4,496 | | |
| | % Change in Total Filings | Over Last Year | | -5.9 | | | | | 67 | 8 |
| | | Over Earlier Years | | | -9.9 | -19.0 | -24.0 | -19.4 | 75 | 7 |
| | Number of Judgeships | | 12 | 12 | 12 | 12 | 12 | 12 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 8.5 | 2.4 | 18.4 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 443 | 470 | 491 | 547 | 582 | 549 | 40 | 6 |
| | | Civil | 351 | 376 | 399 | 452 | 479 | 462 | 35 | 5 |
| | | Criminal Felony | 69 | 64 | 61 | 66 | 78 | 64 | 50 | 5 |
| | | Supervised Release Hearings** | 23 | 30 | 31 | 29 | 25 | 23 | 49 | 4 |
| | Pending Cases | | 324 | 361 | 366 | 391 | 455 | 375 | 61 | 9 |
| | Weighted Filings** | | 470 | 493 | 495 | 548 | 581 | 520 | 37 | 6 |
| | Terminations | | 465 | 479 | 515 | 599 | 509 | 534 | 36 | 6 |
| | Trials Completed | | 19 | 24 | 29 | 28 | 27 | 24 | 51 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 6.9 | 7.2 | 7.1 | 6.7 | 5.9 | 6.3 | 23 | 3 |
| | | Civil** | 6.8 | 7.4 | 8.6 | 7.4 | 7.2 | 6.6 | 12 | 2 |
| | From Filing to Trial** (Civil Only) | | 19.4 | 20.0 | 20.7 | 21.7 | 18.6 | 18.7 | 20 | 3 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 42 | 146 | 49 | 29 | 126 | 69 | | |
| | | Percentage | 1.4 | 4.3 | 1.4 | .8 | 2.8 | 1.8 | 8 | 1 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.5 | 1.6 | 1.5 | 1.5 | 1.7 | | |
| | Jurors | Avg. Present for Jury Selection | 43.20 | 39.54 | 40.42 | 51.06 | 50.46 | 56.30 | | |
| | | Percent Not Selected or Challenged | 40.2 | 36.2 | 34.8 | 43.9 | 54.9 | 54.1 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 4213 | 165 | 101 | 1665 | 79 | 59 | 173 | 524 | 212 | 232 | 559 | 2 | 442 |
| Criminal* | 815 | 13 | 116 | 146 | 126 | 199 | 65 | 36 | 28 | 32 | 17 | 8 | 29 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| MINNESOTA | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing U.S. | Circuit |
|---|---|---|---|---|---|---|---|---|---|---|
| **OVERALL CASELOAD STATISTICS** | Filings* | | 5,978 | 5,320 | 3,752 | 6,163 | 7,190 | 4,718 | | |
| | Terminations | | 5,558 | 7,375 | 4,521 | 4,790 | 4,021 | 2,876 | | |
| | Pending | | 6,169 | 5,787 | 7,842 | 8,605 | 7,202 | 4,031 | | |
| | % Change in Total Filings | Over Last Year | | 12.4 | | | | | 10 | 1 |
| | | Over Earlier Years | | | 59.3 | -3.0 | -16.9 | 26.7 | 6 | 1 |
| | Number of Judgeships | | 7 | 7 | 7 | 7 | 7 | 7 | | |
| | Vacant Judgeship Months** | | .0 | 6.8 | 4.0 | .0 | .0 | 4.1 | | |
| **ACTIONS PER JUDGESHIP** | FILINGS | Total | 854 | 759 | 536 | 880 | 1,028 | 674 | 5 | 1 |
| | | Civil | 773 | 673 | 459 | 800 | 962 | 614 | 4 | 1 |
| | | Criminal Felony | 53 | 55 | 55 | 62 | 54 | 47 | 67 | 10 |
| | | Supervised Release Hearings** | 28 | 31 | 22 | 18 | 12 | 13 | 31 | 5 |
| | Pending Cases | | 881 | 827 | 1,120 | 1,229 | 1,029 | 576 | 7 | 2 |
| | Weighted Filings** | | 743 | 685 | 567 | 679 | 632 | 597 | 3 | 1 |
| | Terminations | | 794 | 1,054 | 646 | 684 | 574 | 411 | 3 | 1 |
| | Trials Completed | | 16 | 12 | 16 | 16 | 12 | 14 | 62 | 7 |
| **MEDIAN TIMES (months)** | From Filing to Disposition | Criminal Felony | 9.2 | 9.8 | 10.4 | 8.9 | 7.9 | 8.4 | 56 | 7 |
| | | Civil** | 13.7 | 23.8 | 7.5 | 6.6 | 6.5 | 7.1 | 91 | 10 |
| | From Filing to Trial** (Civil Only) | | 29.0 | 26.4 | 23.0 | 22.0 | 24.5 | 26.0 | 61 | 6 |
| **OTHER** | Civil Cases Over 3 Years Old** | Number | 262 | 936 | 1,059 | 75 | 27 | 50 | | |
| | | Percentage | 4.5 | 17.2 | 14.2 | .9 | .4 | 1.3 | 47 | 8 |
| | Average Number of Felony Defendants Filed Per Case | | 1.9 | 1.6 | 1.4 | 1.5 | 1.4 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 35.91 | 43.49 | 42.87 | 46.47 | 47.85 | 39.62 | | |
| | | Percent Not Selected or Challenged | 26.6 | 29.6 | 30.5 | 28.3 | 40.6 | 31.1 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 5412 | 75 | 3271 | 278 | 30 | 24 | 405 | 327 | 260 | 136 | 324 | 10 | 272 |
| Criminal* | 367 | 9 | 132 | 25 | 54 | 56 | 30 | 28 | 7 | 4 | 3 | 2 | 17 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12 MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **MICHIGAN EASTERN** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| **OVERALL CASELOAD STATISTICS** | Filings* | | 6,313 | 6,399 | 6,403 | 5,679 | 5,843 | 5,706 | | |
| | Terminations | | 6,185 | 20,933 | 5,796 | 5,534 | 5,400 | 5,585 | | |
| | Pending | | 6,316 | 6,231 | 20,731 | 20,097 | 19,876 | 19,441 | | |
| | % Change in Total Filings | Over Last Year | | -1.4 | | | | | 52 | 6 |
| | | Over Earlier Years | | | -1.4 | 11.2 | 8.0 | 10.6 | 14 | 1 |
| | Number of Judgeships | | 15 | 15 | 15 | 15 | 15 | 15 | | |
| | Vacant Judgeship Months** | | 20.9 | 28.4 | 36.0 | 27.5 | 24.0 | 24.0 | | |
| **ACTIONS PER JUDGESHIP** | FILINGS | Total | 421 | 427 | 427 | 379 | 389 | 380 | 49 | 5 |
| | | Civil | 372 | 377 | 375 | 325 | 329 | 327 | 29 | 4 |
| | | Criminal Felony | 31 | 36 | 36 | 40 | 45 | 40 | 88 | 9 |
| | | Supervised Release Hearings** | 18 | 14 | 16 | 14 | 15 | 13 | 62 | 7 |
| | Pending Cases | | 421 | 415 | 1,382 | 1,340 | 1,325 | 1,296 | 29 | 4 |
| | Weighted Filings** | | 410 | 440 | 431 | 406 | 426 | 404 | 51 | 5 |
| | Terminations | | 412 | 1,396 | 386 | 369 | 360 | 372 | 55 | 5 |
| | Trials Completed | | 13 | 11 | 11 | 12 | 11 | 13 | 72 | 8 |
| **MEDIAN TIMES (months)** | From Filing to Disposition | Criminal Felony | 14.3 | 12.5 | 13.0 | 11.4 | 9.8 | 11.0 | 88 | 9 |
| | | Civil** | 8.3 | 101.2 | 9.9 | 9.7 | 9.7 | 9.4 | 35 | 2 |
| | From Filing to Trial** (Civil Only) | | 25.8 | 24.0 | 22.0 | 22.0 | 23.8 | 21.0 | 51 | 5 |
| **OTHER** | Civil Cases Over 3 Years Old** | Number | 179 | 208 | 14,935 | 14,923 | 14,876 | 14,857 | | |
| | | Percentage | 3.2 | 3.8 | 75.1 | 77.5 | 77.8 | 79.1 | 33 | 3 |
| | Average Number of Felony Defendants Filed Per Case | | 1.8 | 1.7 | 1.6 | 1.6 | 1.5 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 45.21 | 48.72 | 57.80 | 56.08 | 61.29 | 44.52 | | |
| | | Percent Not Selected or Challenged | 47.1 | 47.8 | 51.4 | 44.4 | 52.4 | 44.0 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 5580 | 202 | 61 | 1194 | 98 | 89 | 418 | 1186 | 308 | 191 | 814 | 13 | 1006 |
| Criminal* | 453 | 8 | 130 | 18 | 73 | 87 | 15 | 48 | 13 | 14 | 11 | 17 | 19 |

\*   Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| OHIO NORTHERN | | | 12 MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 5,386 | 5,219 | 8,854 | 10,442 | 4,531 | 14,889 | | |
| | Terminations | | 6,136 | 6,894 | 4,885 | 7,151 | 14,721 | 4,585 | | |
| | Pending | | 5,772 | 6,884 | 9,123 | 7,323 | 5,361 | 17,929 | | |
| | % Change in Total Filings | Over Last Year | | 3.2 | | | | | 31 | 2 |
| | | Over Earlier Years | | | -39.2 | -48.4 | 18.9 | -63.8 | 94 | 9 |
| | Number of Judgeships | | 12 | 12 | 12 | 12 | 12 | 12 | | |
| | Vacant Judgeship Months** | | 5.2 | 12.9 | 9.0 | .0 | 4.6 | 12.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 450 | 435 | 738 | 870 | 378 | 1,241 | 39 | 3 |
| | | Civil | 379 | 366 | 663 | 797 | 312 | 1,173 | 27 | 3 |
| | | Criminal Felony | 46 | 48 | 55 | 53 | 42 | 48 | 76 | 8 |
| | | Supervised Release Hearings** | 25 | 21 | 20 | 20 | 24 | 20 | 41 | 4 |
| | Pending Cases | | 481 | 574 | 760 | 610 | 447 | 1,494 | 19 | 1 |
| | Weighted Filings** | | 377 | 402 | 467 | 452 | 421 | 535 | 62 | 8 |
| | Terminations | | 511 | 575 | 407 | 596 | 1,227 | 382 | 24 | 1 |
| | Trials Completed | | 17 | 14 | 10 | 10 | 10 | 9 | 59 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 7.3 | 7.0 | 7.1 | 6.4 | 6.6 | 6.7 | 30 | 3 |
| | | Civil** | 10.0 | 13.5 | 6.3 | 8.6 | 13.7 | 7.6 | 61 | 6 |
| | From Filing to Trial** (Civil Only) | | 20.0 | 22.3 | 17.5 | 20.7 | 22.0 | 23.0 | 24 | 1 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 585 | 321 | 587 | 76 | 61 | 96 | | |
| | | Percentage | 11.0 | 5.0 | 6.8 | 1.1 | 1.2 | .5 | 83 | 9 |
| | Average Number of Felony Defendants Filed Per Case | | 1.6 | 1.7 | 1.8 | 1.6 | 1.8 | 1.9 | | |
| | Jurors | Avg. Present for Jury Selection | 48.10 | 34.27 | 33.58 | 36.63 | 34.75 | 35.59 | | |
| | | Percent Not Selected or Challenged | 34.7 | 31.1 | 28.7 | 32.5 | 24.3 | 30.1 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 4543 | 268 | 942 | 494 | 29 | 976 | 296 | 407 | 204 | 119 | 524 | 8 | 276 |
| Criminal* | 543 | 4 | 142 | 28 | 122 | 99 | 29 | 28 | 17 | 21 | 9 | 4 | 40 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12 MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **OHIO SOUTHERN** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| **OVERALL CASELOAD STATISTICS** | Filings* | | 3,524 | 3,066 | 3,223 | 3,466 | 3,254 | 3,482 | | |
| | Terminations | | 3,340 | 3,296 | 3,392 | 3,177 | 3,292 | 3,224 | | |
| | Pending | | 3,560 | 3,422 | 3,637 | 3,788 | 3,501 | 3,568 | | |
| | % Change in Total Filings | Over Last Year | | 14.9 | | | | | 9 | 1 |
| | | Over Earlier Years | | | 9.3 | 1.7 | 8.3 | 1.2 | 34 | 4 |
| | Number of Judgeships | | 8 | 8 | 8 | 8 | 8 | 8 | | |
| | Vacant Judgeship Months** | | .0 | 7.0 | 10.0 | .2 | 5.5 | 14.6 | | |
| **ACTIONS PER JUDGESHIP** | FILINGS | Total | 441 | 383 | 403 | 434 | 407 | 435 | 41 | 4 |
| | | Civil | 355 | 297 | 319 | 358 | 338 | 363 | 31 | 5 |
| | | Criminal Felony | 52 | 62 | 60 | 56 | 48 | 46 | 69 | 7 |
| | | Supervised Release Hearings** | 34 | 24 | 24 | 20 | 21 | 26 | 25 | 2 |
| | Pending Cases | | 445 | 428 | 455 | 474 | 438 | 446 | 24 | 3 |
| | Weighted Filings** | | 458 | 437 | 483 | 516 | 479 | 497 | 42 | 3 |
| | Terminations | | 418 | 412 | 424 | 397 | 412 | 403 | 51 | 3 |
| | Trials Completed | | 24 | 20 | 21 | 19 | 17 | 16 | 31 | 3 |
| **MEDIAN TIMES (months)** | From Filing to Disposition | Criminal Felony | 8.7 | 9.0 | 8.0 | 7.6 | 7.4 | 7.7 | 47 | 4 |
| | | Civil** | 10.6 | 12.6 | 11.3 | 12.1 | 11.9 | 11.3 | 74 | 7 |
| | From Filing to Trial** (Civil Only) | | 28.4 | 27.0 | 32.0 | 26.0 | 25.7 | 23.0 | 60 | 8 |
| **OTHER** | Civil Cases Over 3 Years Old** | Number | 197 | 240 | 198 | 212 | 201 | 206 | | |
| | | Percentage | 6.5 | 8.3 | 6.4 | 6.4 | 6.4 | 6.4 | 65 | 8 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.3 | 1.6 | 1.5 | 1.4 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 53.24 | 50.60 | 44.80 | 27.75 | 31.92 | 38.70 | | |
| | | Percent Not Selected or Challenged | 42.8 | 48.6 | 34.3 | 33.3 | 37.2 | 33.4 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2836 | 289 | 64 | 368 | 57 | 388 | 287 | 293 | 152 | 112 | 566 | 4 | 256 |
| Criminal* | 406 | 14 | 117 | 13 | 77 | 84 | 16 | 18 | 18 | 7 | 4 | 12 | 26 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.

\*\* See "Explanation of Selected Terms."

# EXHIBIT "C"

## DISTRIBUTION OF PENDING MDL DOCKETS
(AS OF MARCH 10, 2008)

| District | JUDGE | | LITIGATION | Actions Pending | Total Number of Actions |
|---|---|---|---|---|---|
| ARE | D.J. William R. Wilson, Jr. | MDL-1507 | IN RE: Prempro Products Liability Litigation | 3,741 | 4,569 |
| ARW | D.J. Harry F. Barnes | MDL-1832 | IN RE: Pilgrim's Pride Fair Labor Standards Act Litigation | 16 | 16 |
| AZ | D.J. Mary H. Murguia | MDL-1910 | IN RE: Phoenix Licensing, L.L.C., Patent Litigation | 7 | 7 |
| | Sr.J. Paul G. Rosenblatt | MDL-1541 | IN RE: Allstate Insurance Co. Fair Labor Standards Act Litigation | 4 | 5 |
| CAC | D.J. David O. Carter | MDL-1807 | IN RE: Wachovia Securities, LLC, Wage and Hour Litigation | 17 | 20 |
| | D.J. Dale S. Fischer | MDL-1822 | IN RE: Bluetooth Headset Products Liability Litigation | 27 | 27 |
| | D.J. Dale S. Fischer | MDL-1897 | IN RE: Mattel, Inc, Toy Lead Paint Products Liability Litigation | 20 | 20 |
| | D.J. R. Gary Klausner | MDL-1816 | IN RE: Katz Interactive Call Processing Patent Litigation | 53 | 54 |
| | D.J. R. Gary Klausner | MDL-1864 | IN RE: Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
| | D.J. S. James Otero | MDL-1891 | IN RE: Korean Air Lines Co., Ltd., Antitrust Litigation | 70 | 70 |
| | Sr.J. Mariana R. Pfaelzer | MDL-1574 | IN RE: Paxil Products Liability Litigation | 6 | 149 |
| | D.J. Manuel L. Real | MDL-1737 | IN RE: American Honda Motor Co., Inc., Oil Filter Products Liability Litigation | 5 | 5 |
| | D.J. Christina A. Snyder | MDL-1671 | IN RE: Reformulated Gasoline (RFG) Antitrust & Patent Litigation | 9 | 12 |
| | D.J. Christina A. Snyder | MDL-1825 | IN RE: Midland National Life Insurance Co. Annuity Sales Practices Litigation | 2 | 2 |
| | C.J. Alicemarie H. Stotler | MDL-1803 | IN RE: Banc of America Investment Services, Inc., Overtime Pay Litigation | 5 | 5 |
| | D.J. Stephen V. Wilson | MDL-1745 | IN RE: Live Concert Antitrust Litigation | 22 | 22 |

Page 2

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| CAN | D.J. William H. Alsup | MDL-1826 IN RE: Graphics Processing Units Antitrust Litigation | 51 | 52 |
| | D.J. Saundra Brown Armstrong | MDL-1781 IN RE: Cintas Corp. Overtime Pay Arbitration Litigation | 71 | 71 |
| | D.J. Saundra Brown Armstrong | MDL-1809 IN RE: Terminix Employment Practices Litigation | 2 | 2 |
| | D.J. Charles R. Breyer | MDL-1699 IN RE: Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation | 1,753 | 2,017 |
| | D.J. Charles R. Breyer | MDL-1793 IN RE: International Air Transportation Surcharge Antitrust Litigation | 101 | 102 |
| | D.J. Charles R. Breyer | MDL-1913 IN RE: Transpacific Passenger Air Transportation Antitrust Litigation | 16 | 16 |
| | Sr.J. Samuel Conti | MDL-1917 IN RE: Cathode Ray Tube (CRT) Antitrust Litigation | 15 | 15 |
| | D.J. Phyllis J. Hamilton | MDL-1486 IN RE: Dynamic Random Access Memory (DRAM) Antitrust Litigation | 26 | 45 |
| | D.J. Susan Y. Illston | MDL-1827 IN RE: TFT-LCD (Flat Panel) Antitrust Litigation | 135 | 135 |
| | D.J. Martin J. Jenkins | MDL-1648 IN RE: Rubber Chemicals Antitrust Litigation | 10 | 14 |
| | D.J. Marilyn Hall Patel | MDL-1770 IN RE: Wells Fargo Home Mortgage Overtime Pay Litigation | 4 | 4 |
| | D.J. Marilyn Hall Patel | MDL-1841 IN RE: Wells Fargo Loan Processor Overtime Pay Litigation | 2 | 2 |
| | C.J. Vaughn R. Walker | MDL-1606 IN RE: Deep Vein Thrombosis Litigation | 5 | 84 |
| | C.J. Vaughn R. Walker | MDL-1791 IN RE: National Security Agency Telecommunications Records Litigation | 48 | 49 |
| | D.J. James Ware | MDL-1665 IN RE: Acacia Media Technologies Corp. Patent Litigation | 22 | 23 |
| | D.J. Claudia Wilken | MDL-1819 IN RE: Static Random Access Memory (SRAM) Antitrust Litigation | 81 | 82 |
| | D.J. Ronald M. Whyte | MDL-1423 IN RE: Cygnus Telecommunications Technology, LLC, Patent Litigation | 3 | 30 |
| | D.J. Ronald M. Whyte | MDL-1754 IN RE: Apple iPod nano Products Liability Litigation | 5 | 8 |
| CAS | D.J. Roger T. Benitez | MDL-1806 IN RE: Morgan Stanley & Co., Inc., Overtime Pay Litigation (No. II) | 11 | 11 |
| | D.J. Roger T. Benitez | MDL-1889 IN RE: Peregrine Systems, Inc., Securities Litigation | 35 | 35 |
| | Sr.J. Napoleon A. Jones, Jr. | MDL-1296 IN RE: Alliance Equipment Lease Program Securities Litigation | 1 | 27 |
| | D.J. Jeffrey T. Miller | MDL-1751 IN RE: Jamster Marketing Litigation | 5 | 5 |
| CO | D.J. Robert E. Blackburn | MDL-1788 IN RE: Qwest Communications International, Inc., Securities & "ERISA" Litigation (No. II) | 8 | 30 |
| | D.J. Wiley Y. Daniel | MDL-1743 IN RE: American Family Mutual Insurance Co. Overtime Pay Litigation | 2 | 2 |
| CT | Sr.J. Alfred V. Covello | MDL-1568 IN RE: Parcel Tanker Shipping Services Antitrust Litigation | 2 | 18 |
| | D.J. Christopher F. Droney | MDL-1894 IN RE: U.S. Foodservice, Inc., Pricing Litigation | 3 | 3 |
| | D.J. Alvin W. Thompson | MDL-1463 IN RE: Xerox Corp. Securities Litigation | 22 | 22 |
| | D.J. Stefan R. Underhill | MDL-1542 IN RE: Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation | 15 | 15 |
| | D.J. Stefan R. Underhill | MDL-1631 IN RE: Publication Paper Antitrust Litigation | 28 | 31 |
| | D.J. Stefan R. Underhill | MDL-1642 IN RE: Polychloroprene Rubber (CR) Antitrust Litigation | 9 | 9 |
| | D.J. Stefan R. Underhill | MDL-1649 IN RE: Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002 | 4 | 4 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| DC | D.J. John D. Bates | MDL-1772 IN RE: Series 7 Broker Qualification Exam Scoring Litigation | 19 | 21 |
| | D.J. Rosemary M. Collyer | MDL-1880 IN RE: Pepsi Licensing Digital Camera Patent Litigation | 6 | 6 |
| | D.J. Paul L. Friedman | MDL-1869 IN RE: Rail Freight Fuel Surcharge Antitrust Litigation | 16 | 16 |
| | C.J. Thomas F. Hogan | MDL-1285 IN RE: Vitamin Antitrust Litigation | 3 | 84 |
| | D.J. Ellen Segal Huvelle | MDL-1792 IN RE: InPhonic, Inc., Wireless Phone Rebate Litigation | 15 | 15 |
| | D.J. Royce C. Lamberth | MDL-1307 IN RE: Columbia/HCA Healthcare Corp. Qui Tam Litigation (No. II) | 2 | 30 |
| | D.J. Richard J. Leon | MDL-1515 IN RE: Nifedipine Antitrust Litigation | 6 | 10 |
| | D.J. Richard J. Leon | MDL-1668 IN RE: Federal National Mortgage Association Securities, Derivative & "ERISA" Litigation | 7 | 18 |
| | D.J. James Robertson | MDL-1796 IN RE: Department of Veterans Affairs (VA) Data Theft Litigation | 3 | 3 |
| | D.J. Ricardo M. Urbina | MDL-1798 IN RE: Long-Distance Telephone Service Federal Excise Tax Refund Litigation | 4 | 4 |
| DE | D.J. Joseph J. Farnan, Jr. | MDL-1717 IN RE: Intel Corp. Microprocessor Antitrust Litigation | 76 | 77 |
| | C.J. Gregory M. Sleet | MDL-1660 IN RE: PharmaStem Therapeutics, Inc., Patent Litigation | 6 | 6 |
| | C.J. Gregory M. Sleet | MDL-1848 IN RE: Rembrandt Technologies, LP, Patent Litigation | 15 | 15 |
| | C.J. Gregory M. Sleet | MDL-1866 IN RE: Brimonidine Patent Litigation | 2 | 2 |
| FLM | D.J. Henry Lee Adams, Jr. | MDL-1698 IN RE: American General Life & Accident Insurance Co. Retiree Benefits "ERISA" Litigation | 80 | 80 |
| | D.J. Anne C. Conway | MDL-1769 IN RE: Seroquel Products Liability Litigation | 5,645 | 7,292 |
| | D.J. Timothy J. Corrigan | MDL-1828 IN RE: Imagitas, Inc., Drivers' Privacy Protection Act Litigation | 13 | 13 |
| | Sr.J. Paul A. Magnuson (MN) | MDL-1824 IN RE: Tri-State Water Rights Litigation | 6 | 6 |
| | D.J. James S. Moody, Jr. | MDL-1626 IN RE: Accutane Products Liability Litigation | 17 | 32 |
| FLS | D.J. Donald L. Graham | MDL-1888 IN RE: Marine Hose Antitrust Litigation (No. II) | 8 | 8 |
| | D.J. Kenneth A. Marra | MDL-1916 IN RE: Chiquita Brands International, Inc., Alien Tort Statute and Shareholders Derivative Litigation | 6 | 6 |
| | C.J. Federico A. Moreno | MDL-1334 IN RE: Managed Care Litigation | 9 | 124 |
| GAM | D.J. Clay D. Land | MDL-1854 IN RE: Tyson Foods, Inc, Fair Labor Standards Act Litigation | 25 | 25 |
| GAN | D.J. William S. Duffey, Jr. | MDL-1895 IN RE: LTL Shipping Services Antitrust Litigation | 50 | 50 |
| | D.J. Thomas W. Thrash, Jr. | MDL-1804 IN RE: Stand 'n Seal Products Liability Litigation | 35 | 36 |
| | D.J. Thomas W. Thrash, Jr. | MDL-1845 IN RE: ConAgra Peanut Butter Products Liability Litigation | 147 | 147 |
| IAS | Sr.J. Ronald E. Longstaff | MDL-1733 IN RE: Teflon Products Liability Litigation | 23 | 23 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| ILN | D.J Wayne R. Andersen | MDL-1876 IN RE: Long Beach Mortgage Company Truth in Lending Act 1-4 Family Rider Litigation | 3 | 3 |
| | Sr.J. Marvin E. Aspen | MDL-1425 IN RE: Aimster Copyright Litigation | 11 | 11 |
| | Sr.J. Marvin E. Aspen | MDL-1715 IN RE: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation | 447 | 457 |
| | D.J. Elaine E. Bucklo | MDL-1784 IN RE: McDonald's French Fries Litigation | 13 | 14 |
| | D.J. David H. Coar | MDL-1536 IN RE: Sulfuric Acid Antitrust Litigation | 7 | 7 |
| | D.J. David H. Coar | MDL-1783 IN RE: JP Morgan Chase & Co. Securities Litigation | 3 | 3 |
| | D.J. Robert W. Gettleman | MDL-1350 IN RE: Trans Union Corp. Privacy Litigation | 14 | 15 |
| | Sr.J. John F. Grady | MDL-986 IN RE: "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation | 115 | 367 |
| | Sr.J. John F. Grady | MDL-1521 IN RE: Wireless Telephone 911 Calls Litigation | 10 | 10 |
| | Sr.J. John F. Grady | MDL-1703 IN RE: Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation | 4 | 7 |
| | C.J. James F. Holderman, Jr. | MDL-1818 IN RE: Clstfinancial Services Incorporated Prescreened Offer Litigation | 10 | 10 |
| | Sr.J. Harry D. Leinenweber | MDL-1893 IN RE: RC2 Corp. Toy Lead Paint Products Liability Litigation | 18 | 18 |
| | D.J. Charles R. Norgle, Sr. | MDL-1491 IN RE: African-American Slave Descendants Litigation | 2 | 10 |
| | D.J. Charles R. Norgle, Sr. | MDL-1604 IN RE: Ocwen Federal Bank FSB Mortgage Servicing Litigation | 75 | 90 |
| | D.J. Amy J. St. Eve | MDL-1778 IN RE: Ocean Financial Corp. Prescreening Litigation | 5 | 6 |
| | D.J. James B. Zagel | MDL-899 IN RE: Mortgage Escrow Deposit Litigation | 1 | 75 |
| | D.J. James B. Zagel | MDL-1392 IN RE: General Motors Corporation Vehicle Paint Litigation (No. III) | 2 | 3 |
| ILS | D.J. G. Patrick Murphy | MDL-1562 IN RE: General Motors Corp. Dex-Cool Products Liability Litigation | 6 | 12 |
| | D.J. G. Patrick Murphy | MDL-1748 IN RE: Profiler Products Liability Litigation | 4 | 4 |
| INN | Sr.J. Rudy J. Lozano | MDL-1767 IN RE: H&R Block Mortgage Corp. Prescreening Litigation | 3 | 3 |
| | C.J. Robert L. Miller, Jr. | MDL-1700 IN RE: FedEx Ground Package System, Inc., Employment Practices Litigation (No. II) | 57 | 63 |
| INS | D.J. Sarah E. Barker | MDL-1373 IN RE: Bridgestone/Firestone, Inc., Tires Products Liability Litigation | 15 | 824 |
| | C.J. David F. Hamilton | MDL-1313 IN RE: AT&T Corp. Fiber Optic Cable Installation Litigation | 43 | 43 |
| | D.J. Larry J. McKinney | MDL-1727 IN RE: COBRA Tax Shelters Litigation | 3 | 4 |
| KS | D.J. John W. Lungstrum | MDL-1468 IN RE: Universal Service Fund Telephone Billing Practices Litigation | 63 | 68 |
| | D.J. John W. Lungstrum | MDL-1616 IN RE: Urethane Antitrust Litigation | 30 | 30 |
| | C.J. Kathryn H. Vratil | MDL-1721 IN RE: Cessna 208 Series Aircraft Products Liability Litigation | 8 | 9 |
| | C.J. Kathryn H. Vratil | MDL-1840 IN RE: Motor Fuel Temperature Sales Practices Litigation | 50 | 50 |
| | C.J. Kathryn H. Vratil | MDL-1853 IN RE: The TJX Companies, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 9 | 9 |
| KYE | Sr.J. Joseph M. Hood | MDL-1877 IN RE: ClassicStar Mare Lease Litigation | 18 | 18 |

| District | Judge | | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|---|
| LAE | D.J. Kurt D. Engelhardt | MDL-1873 | IN RE: FEMA Trailer Formaldehyde Products Liability Litigation | 15 | 15 |
| | D.J. Eldon E. Fallon | MDL-1355 | IN RE: Propulsid Products Liability Litigation | 297 | 474 |
| | D.J. Eldon E. Fallon | MDL-1657 | IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation | 9,284 | 9,882 |
| | D.J. Martin L.C. Feldman | MDL-1390 | IN RE: Life Insurance Co. of Georgia Industrial Life Insurance Litigation | 52 | 133 |
| | D.J. Sarah S. Vance | MDL-1643 | IN RE: Educational Testing Service PLT 7-12 Test Scoring Litigation | 2 | 31 |
| MA | D.J. Nancy Gertner | MDL-1354 | IN RE: Citigroup, Inc., Capital Accumulation Plan Litigation | 8 | 18 |
| | Sr.J. Edward F. Harrington | MDL-1143 | IN RE: Mutual Life Insurance Company of New York Premium Litigation | 2 | 23 |
| | D.J. Patti B. Saris | MDL-1456 | IN RE: Pharmaceutical Industry Average Wholesale Price Litigation | 3 | 119 |
| | D.J. Patti B. Saris | MDL-1629 | IN RE: Neurontin Marketing, Sales Practices and Products Liability Litigation | 10 | 231 |
| | D.J. Richard G. Stearns | MDL-1861 | IN RE: Wellnx Marketing and Sales Practices Litigation | 16 | 16 |
| | D.J. Joseph L. Tauro | MDL-1790 | IN RE: Volkswagen and Audi Warranty Extension Litigation | 2 | 8 |
| | D.J. Joseph L. Tauro | MDL-1820 | IN RE: Webloyalty.com, Inc., Marketing and Sales Practices Litigation | 2 | 5 |
| | D.J. Joseph L. Tauro | MDL-1870 | IN RE: Greenwood Credit Union Prescreening Litigation | 3 | 3 |
| | D.J. Douglas P. Woodlock | MDL-1543 | IN RE: Carbon Black Antitrust Litigation | 1 | 16 |
| | D.J. Douglas P. Woodlock | MDL-1704 | IN RE: M3Power Razor System Marketing & Sales Practices Litigation | 1 | 26 |
| | D.J. William G. Young | MDL-1838 | IN RE: The TJX Companies, Inc., Customer Data Security Breach Litigation | 28 | 28 |
| | D.J. Rya W. Zobel | MDL-1380 | IN RE: Xcelera.com Inc. Securities Litigation | 1 | 20 |
| | D.J. Rya W. Zobel | MDL-1461 | IN RE: Shell Oil Products Co. Dealer Franchise Litigation | 1 | 3 |
| MD | D.J. Catherine C. Blake | MDL-1539 | IN RE: Royal Ahold N.V. Securities & "ERISA" Litigation | 37 | 37 |
| | C.J. Benson Everett Legg | MDL-1387 | IN RE: ProteGen Sling and Vesica System Products Liability Litigation | 4 | 584 |
| | D.J. J. Frederick Motz | MDL-1332 | IN RE: Microsoft Corp. Windows Operating Systems Antitrust Litigation | 2 | 117 |
| | D.J. J. Frederick Motz, | MDL-1586 | IN RE: Mutual Funds Investment Litigation | 423 | 437 |
| | D.J. Andre M. Davis and | | | | |
| | D.J. Catherine C. Blake | | | | |
| | D.J. Roger W. Titus | MDL-1911 | IN RE: Michelin North America, Inc., PAX System Marketing and Sales Practices Litigation | 4 | 4 |
| ME | D.J. D. Brock Hornby | MDL-1532 | IN RE: New Motor Vehicles Canadian Export Antitrust Litigation | 27 | 31 |
| MIE | D.J. Sean F. Cox | MDL-1867 | IN RE: OnStar Contract Litigation | 22 | 23 |
| | C.J. Bernard A. Friedman | MDL-1718 | IN RE: Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation | 78 | 81 |
| | D.J. Gerald E. Rosen | MDL-1725 | IN RE: Delphi Corp. Securities, Derivative & "ERISA" Litigation | 22 | 25 |
| | D.J. Gerald E. Rosen | MDL-1749 | IN RE: General Motors Corp. Securities & Derivative Litigation | 5 | 5 |
| MIW | C.J. Robert Holmes Bell | MDL-1846 | IN RE: Trade Partners, Inc., Investors Litigation | 5 | 5 |

| District | JUDGE | LITIGATION | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| MN | D.J. Michael J. Davis | MDL-1431 IN RE: Baycol Products Liability Litigation | 330 | 9,090 |
| | Sr.J. David S. Doty | MDL-1892 IN RE: KFC Corp. Fair Labor Standards Act Litigation | 27 | 28 |
| | D.J. Donovan W. Frank | MDL-1708 IN RE: Guidant Corp. Implantable Defibrillators Products Liability Litigation | 2,056 | 2,086 |
| | Sr.J. Richard H. Kyle | MDL-1905 IN RE: Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation | 31 | 31 |
| | Sr.J. Paul A. Magnuson | MDL-1724 IN RE: Viagra Products Liability Litigation | 134 | 140 |
| | C.J. James M. Rosenbaum | MDL-1726 IN RE: Medtronic, Inc., Implantable Defibrillators Products Liability Litigation | 1,115 | 1,191 |
| | C.J. James M. Rosenbaum | MDL-1836 IN RE: Mirapex Products Liability Litigation | 275 | 275 |
| | D.J. John R. Tunheim | MDL-1396 IN RE: St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation | 20 | 57 |
| MOE | D.J. Jean C. Hamilton | MDL-1702 IN RE: Air Crash Near Kirksville, Missouri, on October 19, 2004 | 4 | 12 |
| | Sr.J. Stephen N. Limbaugh | MDL-1672 IN RE: Express Scripts, Inc., Pharmacy Benefits Management Litigation | 13 | 20 |
| | D.J. Catherine D. Perry | MDL-1811 IN RE: Genetically Modified Rice Litigation | 222 | 222 |
| | D.J. Rodney W. Sippel | MDL-1620 IN RE: Metoprolol Succinate Patent Litigation | 8 | 8 |
| | D.J. Rodney W. Sippel | MDL-1736 IN RE: Celexa and Lexapro Products Liability Litigation | 43 | 43 |
| | D.J. E. Richard Webber | MDL-1907 IN RE: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation | 4 | 4 |
| MOW | D.J. Richard E. Dorr | MDL-1786 IN RE: H&R Block, Inc., Express IRA Marketing Litigation | 20 | 21 |
| MSS | D.J. Keith Starrett | MDL-1872 IN RE: Wayne Farms LLC Fair Labor Standards Act Litigation | 12 | 12 |
| NCM | C.J. James A. Beaty, Jr. | MDL-1622 IN RE: Cotton Yarn Antitrust Litigation | 9 | 9 |
| NCW | C.J. Richard L. Voorhees | MDL-1516 IN RE: Polyester Staple Antitrust Litigation | 14 | 36 |
| NE | D.J. Laurie Smith Camp | MDL-1920 IN RE: Saturn L-Series Timing Chain Products Liability Litigation | 3 | 3 |
| NH | D.J. Paul J. Barbadoro | MDL-1335 IN RE: Tyco International, Ltd., Securities, Derivative and "ERISA" Litigation | 12 | 104 |

Page 7

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| NJ | Sr.J. Harold A. Ackerman | MDL-1687 IN RE: Ford Motor Co. E-350 Van Products Liability Litigation (No. II) | 5 | 5 |
| | C.J. Garrett E. Brown, Jr. | MDL-1471 IN RE: Compensation of Managerial, Professional and Technical Employees Antitrust Litigation | 4 | 4 |
| | C.J. Garrett E. Brown, Jr. | MDL-1663 IN RE: Insurance Brokerage Antitrust Litigation | 45 | 47 |
| | D.J. Stanley R. Chesler | MDL-1658 IN RE: Merck & Co, Inc., Securities, Derivative & "ERISA" Litigation | 1 | 35 |
| | D.J. Stanley R. Chesler | MDL-1777 IN RE: SFBC International, Inc., Securities & Derivative Litigation | 1 | 14 |
| | D.J. Stanley R. Chesler | MDL-1857 IN RE: Schering Marketing and Sales Practices Litigation (No. II) | 6 | 6 |
| | D.J. Mary L. Cooper | MDL-1851 IN RE: Desloratadine Patent Litigation | 4 | 4 |
| | Sr.J. Dickinson R. Debevoise | MDL-1337 IN RE: Holocaust Era German Industry, Bank & Insurance Litigation | 2 | 59 |
| | Sr.J. Dickinson R. Debevoise | MDL-1914 IN RE: Mercedes-Benz Tele Aid Contract Litigation | 4 | 4 |
| | D.J. Joseph A. Greenaway, Jr. | MDL-1419 IN RE: K-Dur Antitrust Litigation | 4 | 44 |
| | D.J. Noel L. Hillman | MDL-1850 IN RE: Pet Food Products Liability Litigation | 116 | 116 |
| | D.J. Faith S. Hochberg | MDL-1384 IN RE: Gabapentin Patent Litigation | 13 | 17 |
| | D.J. Faith S. Hochberg | MDL-1479 IN RE: Neurontin Antitrust Litigation | 22 | 22 |
| | Sr.J. Joseph E. Irenas | MDL-1881 IN RE: Boscov's Department Store, LLC, Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
| | D.J. Jose L. Linares | MDL-1730 IN RE: Hypodermic Products Antitrust Litigation | 9 | 10 |
| | D.J. William J. Martini | MDL-1763 IN RE: Human Tissue Products Liability Litigation | 208 | 216 |
| | D.J. Jerome B. Simandle | MDL-1514 IN RE: Electrical Carbon Products Antitrust Litigation | 1 | 25 |
| | Sr.J. William H. Walls | MDL-1292 IN RE: Cendant Corporation Securities Litigation | 3 | 18 |
| | D.J. Susan D. Wigenton | MDL-1550 IN RE: IDT Corp. Calling Card Terms Litigation | 4 | 5 |
| | D.J. Freda L. Wolfson | MDL-1799 IN RE: Vonage Initial Public Offering (IPO) Securities Litigation | 1 | 16 |
| | D.J. Freda L. Wolfson | MDL-1862 IN RE: Vonage Marketing and Sales Practices Litigation | 5 | 5 |
| NV | D.J. Kent J. Dawson | MDL-1619 IN RE: Musha Cay Litigation | 3 | 3 |
| | Sr.J. Lloyd D. George | MDL-1357 IN RE: NOS Communications, Inc., Billing Practices Litigation | 7 | 8 |
| | D.J. Robert Clive Jones | MDL-1878 IN RE: Internal Revenue Service §1031 Tax Deferred Exchange Litigation | 5 | 5 |
| | D.J. Philip M. Pro | MDL-1566 IN RE: Western States Wholesale Natural Gas Antitrust Litigation | 6 | 33 |
| | D.J. Philip M. Pro | MDL-1735 IN RE: Wal-Mart Wage and Hour Employment Practices Litigation | 33 | 35 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| NYE | D.J. Brian M. Cogan | MDL-1844 IN RE: Air Crash Near Peixoto de Azevedo, Brazil, on September 29, 2006 | 68 | 68 |
| | C.J. Raymond J. Dearie | MDL-1613 IN RE: Nigeria Charter Flights Contract Litigation | 10 | 14 |
| | D.J. John Gleeson | MDL-1575 IN RE: Visa/MasterCard Antitrust Litigation | 5 | 8 |
| | D.J. John Gleeson | MDL-1720 IN RE: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | 51 | 51 |
| | Sr.J. Thomas C. Platt, Jr. | MDL-1775 IN RE: Air Cargo Shipping Services Antitrust Litigation | 94 | 95 |
| | Sr.J. Thomas C. Platt, Jr. | MDL-799 IN RE: Air Disaster at Lockerbie, Scotland, on December 21, 1988 | 37 | 297 |
| | Sr.J. David G. Trager | MDL-1898 IN RE: American Home Mortgage Securities Litigation | 19 | 19 |
| | Sr.J. Jack B. Weinstein | MDL-1738 IN RE: Vitamin C Antitrust Litigation | 10 | 10 |
| | Sr.J. Jack B. Weinstein | MDL-381 IN RE: "Agent Orange" Products Liability Litigation | 6 | 629 |
| | Sr.J. Jack B. Weinstein | MDL-1596 IN RE: Zyprexa Products Liability Litigation | 1,866 | 1,869 |
| NYS | Sr.J. Harold Baer, Jr. | MDL-1661 IN RE: Rivastigmine Patent Litigation | 4 | 5 |
| | D.J. Deborah A. Batts | MDL-1714 IN RE: Rhodia S.A. Securities Litigation | 4 | 4 |
| | D.J. Richard A. Berman | MDL-1628 IN RE: Pineapple Antitrust Litigation | 6 | 10 |
| | D.J. Charles L. Brieant | MDL-1508 IN RE: Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation | 5 | 18 |
| | D.J. Charles L. Brieant | MDL-1903 IN RE: PepsiCo, Inc., Bottled Water Marketing and Sales Practices Litigation | 4 | 4 |
| | D.J. Denise Cote | MDL-1487 IN RE: WorldCom, Inc., Securities & "ERISA" Litigation | 3 | 177 |
| | D.J. Paul A. Crotty | MDL-1794 IN RE: Novartis Wage and Hour Litigation | 2 | 2 |
| | D.J. George B. Daniels | MDL-1379 IN RE: Literary Works in Electronic Databases Copyright Litigation | 3 | 5 |
| | D.J. George B. Daniels | MDL-1570 IN RE: Terrorist Attacks on September 11, 2001 | 24 | 25 |
| | Sr.J. Kevin Thomas Duffy | MDL-1443 IN RE: America Online, Inc., Community Leaders Litigation | 3 | 3 |
| | Sr.J. Thomas P. Griesa | MDL-1336 IN RE: Abercrombie & Fitch Co. Securities Litigation | 20 | 20 |
| | Sr.J. Thomas P. Griesa | MDL-1644 IN RE: Elevator and Escalator Antitrust Litigation | 4 | 25 |
| | D.J. Richard J. Holwell | MDL-1771 IN RE: "A Million Little Pieces" Litigation | 11 | 11 |
| | D.J. Barbara S. Jones | MDL-1291 IN RE: Omeprazole Patent Litigation | 5 | 22 |
| | D.J. Lewis A. Kaplan | MDL-1348 IN RE: Rezulin Products Liability Litigation | 751 | 1,868 |
| | D.J. Lewis A. Kaplan | MDL-1653 IN RE: Parmalat Securities Litigation | 17 | 17 |
| | Sr.J. John F. Keenan | MDL-1484 IN RE: Merrill Lynch & Co., Inc., Research Reports Securities Litigation | 21 | 176 |
| | Sr.J. John F. Keenan | MDL-1789 IN RE: Fosamax Products Liability Litigation | 412 | 413 |
| | Sr.J. Shirley Wohl Kram | MDL-1500 IN RE: AOL Time Warner Inc. Securities & "ERISA" Litigation | 35 | 72 |
| | Sr.J. Shirley Wohl Kram | MDL-1739 IN RE: Grand Theft Auto Video Game Consumer Litigation (No. II) | 8 | 8 |
| | Sr.J. Shirley Wohl Kram | MDL-1744 IN RE: Marsh & McLennan Companies, Inc., Securities Litigation | 7 | 10 |
| | D.J. Gerard E. Lynch | MDL-1472 IN RE: Global Crossing Ltd. Securities and "ERISA" Litigation | 2 | 89 |
| | D.J. Gerard E. Lynch | MDL-1902 IN RE: Refco Inc. Securities Litigation | 13 | 13 |
| | Sr.J. Lawrence M. McKenna | MDL-1529 IN RE: Adelphia Communications Corp. Securities & Derivative Litigation (No. II) | 72 | 72 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| NYS (cont.) | D.J. Colleen McMahon | MDL-1695 IN RE: Veeco Instruments Inc. Securities Litigation | 13 | 13 |
| | D.J. Colleen McMahon | MDL-1755 IN RE: Bayou Hedge Funds Investment Litigation | 9 | 10 |
| | Sr.J. Richard Owen | MDL-1688 IN RE: Pfizer Inc. Securities, Derivative & "ERISA" Litigation | 30 | 30 |
| | Sr.J. Richard Owen | MDL-1706 IN RE: Doral Financial Corp. Securities Litigation | 24 | 25 |
| | D.J. William H. Pauley III | MDL-1409 IN RE: Currency Conversion Fee Antitrust Litigation | 5 | 35 |
| | D.J. Loretta A. Preska | MDL-1659 IN RE: Nortel Networks Corp. Securities Litigation | 2 | 30 |
| | D.J. Loretta A. Preska | MDL-1780 IN RE: Digital Music Antitrust Litigation | 30 | 31 |
| | D.J. Jed S. Rakoff | MDL-1598 IN RE: Ephedra Products Liability Litigation | 519 | 861 |
| | D.J. Shira Ann Scheindlin | MDL-1358 IN RE: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | 145 | 167 |
| | D.J. Shira Ann Scheindlin | MDL-1428 IN RE: Ski Train Fire in Kaprun, Austria, on November 11, 2000 | 8 | 27 |
| | D.J. Shira Ann Scheindlin | MDL-1554 IN RE: Initial Public Offering (IPO) Securities Litigation | 393 | 511 |
| | Sr.J. John E. Sprizzo | MDL-1153 IN RE: Bennett Funding Group, Inc., Securities Litigation (No. II) | 29 | 66 |
| | Sr.J. John E. Sprizzo | MDL-1499 IN RE: South African Apartheid Litigation | 13 | 14 |
| | Sr.J. John E. Sprizzo | MDL-1584 IN RE: Federal Home Loan Mortgage Corp. Securities & Derivative Litigation (No. II) | 1 | 8 |
| | D.J. Sidney H. Stein | MDL-1603 IN RE: OxyContin Antitrust Litigation | 59 | 63 |
| | Sr.J. Robert W. Sweet and Sr.J. John F. Keenan* | MDL-1448 IN RE: Air Crash at Belle Harbor, New York, on November 12, 2001 | 52 | 376 |
| | | * Judge Keenan is assigned to actions in which Judge Sweet is recused. | | |
| OHN | D.J. Peter C. Economus | MDL-1561 IN RE: Travel Agent Commission Antitrust Litigation | 1 | 3 |
| | Sr.J. David A. Katz | MDL-1742 IN RE: Ortho Evra Products Liability Litigation | 1,040 | 1,179 |
| | D.J. Donald C. Nugent | MDL-1488 IN RE: Ford Motor Co. Panther Platform/Fuel Tank Design Products Liability Litigation | 3 | 31 |
| | D.J. Kathleen McDonald O'Malley | MDL-1401 IN RE: Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Products Liability Litigation | 3 | 434 |
| | D.J. Kathleen McDonald O'Malley | MDL-1490 IN RE: Commercial Money Center, Inc., Equipment Lease Litigation | 31 | 38 |
| | D.J. Kathleen McDonald O'Malley | MDL-1535 IN RE: Welding Fume Products Liability Litigation | 3,299 | 11,569 |
| | D.J. Dan A. Polster | MDL-1909 IN RE: Gadolinium Contrast Dyes Products Liability Litigation | 25 | 25 |
| OHS | D.J. Gregory L. Frost | MDL-1638 IN RE: Foundry Resins Antitrust Litigation | 1 | 20 |
| | Sr.J. James L. Graham | MDL-1565 IN RE: National Century Financial Enterprises, Inc., Investment Litigation | 21 | 22 |
| | Sr.J. James L. Graham | MDL-1829 IN RE: Vision Service Plan Tax Litigation | 5 | 5 |
| OKW | D.J. Stephen P. Friot | MDL-1564 IN RE: Farmers Insurance Co., Inc., FCRA Litigation | 7 | 12 |
| OR | Sr.J. Robert E. Jones | MDL-1439 IN RE: Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation | 4 | 13 |

Page 10

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| PAE | C.J. Harvey Bartle III | MDL-1203 IN RE: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation | 983 | 20,156 |
| | D.J. Ronald L. Buckwalter | MDL-1014 IN RE: Orthopedic Bone Screw Products Liability Litigation | 1 | 3,085 |
| | D.J. Ronald L. Buckwalter | MDL-1741 IN RE: Isolagen, Inc., Securities & Derivative Litigation | 5 | 5 |
| | D.J. Stewart Dalzell | MDL-1682 IN RE: Hydrogen Peroxide Antitrust Litigation | 2 | 34 |
| | D.J. Legrome D. Davis | MDL-1684 IN RE: Plastics Additives Antitrust Litigation (No. II) | 8 | 10 |
| | Sr.J. Jan E. DuBois | MDL-1261 IN RE: Linerboard Antitrust Litigation | 2 | 20 |
| | Sr.J. John P. Fullam | MDL-1782 IN RE: Pharmacy Benefit Managers Antitrust Litigation | 6 | 6 |
| | Sr.J. James T. Giles | MDL-875 IN RE: Asbestos Products Liability Litigation (No. VI) | 34,383 | 112,229 |
| | Sr.J. Bruce W. Kauffman | MDL-969 IN RE: Unisys Corp. Retiree Medical Benefit "ERISA" Litigation | 8 | 14 |
| | D.J. Mary A. McLaughlin | MDL-1712 IN RE: American Investors Life Insurance Co. Annuity Marketing and Sales Practices Litigation | 14 | 15 |
| | Sr.J. Thomas N. O'Neill, Jr. | MDL-1904 IN RE: OSI Restaurant Partners, LLC, Fair and Accurate Credit Transactions Act (FACTA) Litigation | 4 | 4 |
| | Sr.J. Louis H. Pollak | MDL-1817 IN RE: CertainTeed Corp. Roofing Shingle Products Liability Litigation | 21 | 21 |
| | D.J. Cynthia M. Rufe | MDL-1871 IN RE: Avandia Marketing, Sales Practices and Products Liability Litigation | 130 | 130 |
| | D.J. Timothy J. Savage | MDL-1675 IN RE: ACE Limited Securities Litigation | 4 | 4 |
| | D.J. Timothy J. Savage | MDL-1768 IN RE: Methyl Methacrylate (MMA) Antitrust Litigation | 18 | 18 |
| | D.J. Lawrence F. Stengel | MDL-1879 IN RE: Sterling Financial Corporation Securities Litigation | 1 | 9 |
| | D.J. Richard Barclay Surrick | MDL-1426 IN RE: Automotive Refinishing Paint Antitrust Litigation | 61 | 63 |
| | D.J. Richard Barclay Surrick | MDL-1912 IN RE: Fasteners Antitrust Litigation | 20 | 20 |
| PAM | D.J. Thomas I. Vanaskie | MDL-1556 IN RE: Pressure Sensitive Labelstock Antitrust Litigation | 11 | 11 |
| PAW | D.J. Gary L. Lancaster | MDL-1674 IN RE: Community Bank of Northern Virginia Mortgage Lending Practices Litigation | 7 | 8 |
| RI | C.J. Mary M. Lisi | MDL-1842 IN RE: Kugel Mesh Hernia Patch Products Liability Litigation | 539 | 541 |
| SC | Sr.J. C. Weston Houck | MDL-1865 IN RE: Household Goods Movers Antitrust Litigation | 3 | 3 |
| | C.J. David C. Norton | MDL-1785 IN RE: Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation | 290 | 292 |
| TNE | C.J. Curtis L. Collier | MDL-1552 IN RE: UnumProvident Corp. Securities, Derivative & "ERISA" Litigation | 19 | 28 |
| | D.J. Ronnie Greer | MDL-1899 IN RE: Southeastern Milk Antitrust Litigation | 6 | 6 |
| TNM | C.J. Todd J. Campbell | MDL-1760 IN RE: Aredia and Zometa Products Liability Litigation | 380 | 388 |
| | Sr.J. John T. Nixon | MDL-1537 IN RE: Nortel Networks Corp. "ERISA" Litigation | 6 | 6 |
| | D.J. Aleta A. Trauger | MDL-1457 IN RE: Allstate Insurance Co. Underwriting and Rating Practices Litigation | 6 | 11 |
| TNW | D.J.J. Daniel Breen | MDL-1551 IN RE: Reciprocal of America (ROA) Sales Practices Litigation | 15 | 15 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| TXE | D.J. Leonard E. Davis | MDL-1512  IN RE: Electronic Data Systems Corp. Securities & "ERISA" Litigation | 4 | 29 |
|  | D.J. T. John Ward | MDL-1530  IN RE: Fleming Companies Inc. Securities & Derivative Litigation | 10 | 22 |
| TXN | Sr.J. A. Joe Fish | MDL-1578  IN RE: UICI "Association-Group" Insurance Litigation | 2 | 28 |
|  | D.J. Terry R. Means | MDL-1875  IN RE: RadioShack Corp. "ERISA" Litigation | 4 | 4 |
| TXS | D.J. Vanessa D. Gilmore | MDL-1646  IN RE: Testmasters Trademark Litigation | 1 | 6 |
|  | D.J. Melinda Harmon | MDL-1446  IN RE: Enron Corp. Securities, Derivative & "ERISA" Litigation | 110 | 196 |
|  | D.J. Lynn N. Hughes | MDL-1609  IN RE: Service Corporation International Securities Litigation | 1 | 4 |
|  | D.J. Janis Graham Jack | MDL-1810  IN RE: MERSCORP Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litigation | 13 | 30 |
|  | D.J. Sim Lake | MDL-1886  IN RE: Refined Petroleum Products Antitrust Litigation | 6 | 6 |
| UT | D.J. Dale A. Kimball | MDL-1546  IN RE: Medical Waste Services Antitrust Litigation | 1 | 8 |
| VAE | D.J. Leonie M. Brinkema | MDL-1705  IN RE: Xybernaut Corp. Securities Litigation | 9 | 10 |
| WAW | Sr.J. John C. Coughenour | MDL-1896  IN RE: General Motors Corp. Speedometer Products Liability Litigation | 3 | 3 |
|  | D.J. Marsha J. Pechman | MDL-1919  IN RE: Washington Mutual, Inc., Securities, Derivative & "ERISA" Litigation | 15 | 15 |
|  | D.J. Barbara Jacobs Rothstein | MDL-1407  IN RE: Phenylpropanolamine (PPA) Products Liability Litigation | 199 | 3,376 |
| WY | C.J. William F. Downes | MDL-1293  IN RE: Natural Gas Royalties Qui Tam Litigation | 74 | 83 |

# EXHIBIT "D"

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

*DOCKET NO. 928*

JUN 25 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE CATFISH ANTITRUST LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,\* LOUIS H. POLLAK, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of six actions pending in two districts as follows:

| | |
|---|---|
| Northern District of Mississippi | 4 actions |
| Eastern District of Pennsylvania | 2 actions |

Plaintiffs in the four Mississippi actions move the Panel, pursuant to 28 U.S.C. §1407, for an order centralizing all actions in the Northern District of Mississippi for coordinated or consolidated pretrial proceedings. All defendants support this motion. The plaintiffs in the two Pennsylvania actions also support centralization, but they favor selection of the Eastern District of Pennsylvania as transferee forum.[1]

On the basis of the papers filed and the hearing held, the Panel finds that the six actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Mississippi will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are overlapping purported class actions, are brought against nearly the same defendants, and are based on allegations of a price fixing conspiracy to fix the price of catfish and catfish products. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary.

---

\*Judge Pollack took no part in the decision of this matter.

[1]Plaintiffs in three additional recently filed actions in the Northern District of Mississippi (two actions) and the Western District of Washington (one action) have also stated their support for centralization in the Mississippi forum. These three later filed actions were not formally before the Panel at the hearing held in this docket on May 29, 1992. In light of the Panel's decision in this docket, these actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

- 2 -

Plaintiffs in the Pennsylvania actions, arguing in support of selection of the Eastern District of Pennsylvania as transferee forum, place great reliance on the pendency of grand jury and criminal proceedings involving certain of the MDL-928 defendants in that district. While the location of such proceedings has often been a key factor in the Panel's choice of transferee forum, it is not in and of itself determinative, especially where, as here, another district stands out as a clear nexus for the litigation. We are persuaded that the Northern District of Mississippi is the more appropriate transferee forum for MDL-928. We note that: 1) all defendants have their corporate headquarters and principal places of business in Mississippi, and the majority of their records and witnesses is likely to be found there; and 2) the Mississippi forum is the choice of the clear majority of parties to this docket (all defendants, plaintiffs in four of the six actions presently before the Panel, and the plaintiffs in three potential tag-along actions).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of Mississippi be, and the same hereby are, transferred to the Northern District of Mississippi and, with the consent of that court, assigned to the Honorable Glen H. Davidson for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

John F. Nangle
Chairman

6-25-92

## SCHEDULE A

MDL-928 -- In re Catfish/Catfish Products Antitrust Litigation

### Eastern District of Pennsylvania

American Seafood, Inc., etc. v. Magnolia Processing, Inc., d/b/a
  Pride of the Pond, et al., C.A. No. 92-CV-1030

Levy World Limited Partnership v. Magnolia Processing, Inc., d/b/a
  Pride of the Pond, et al., C.A. No. 92-CV-1086

### Northern District of Mississippi

Rose's Wholesale Seafood, Inc. v. Magnolia Processing, Inc., et al.,
  C.A. No. 2:92-CV-026-D-O

State Fish Distributors, Inc. v. Magnolia Processing, Inc., et al.,
  C.A. No. 2:92-CV-020-D-O

Farm House Food Distributors, Inc. v. Magnolia Processing, Inc., et al.,
  C.A. No. 2:92-CV-030-D-O

Lemoyne Cold Storage, Inc., d/b/a Lemoyne Frozen Food Center v. Magnolia
  Processing, Inc., d/b/a/ Pride of the Pond, et al., C.A. No. 2:92-CV-031-D-O

EXHIBIT "E"

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

DEC -4 1997

FILED
CLERK'S OFFICE

*DOCKET NO. 1200*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE FLAT GLASS ANTITRUST LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

*TRANSFER ORDER*

    This litigation presently consists of fifteen actions in the following federal districts: five actions each in the Western District of Pennsylvania and Northern District of Illinois; four actions in the District of Minnesota; and one action in the Northern District of California.[1] Three motions are pending before the Panel: in separate motions, defendant PPG Industries, Inc., (PPG) and plaintiffs in three Pennsylvania actions move to centralize, under 28 U.S.C. §1407, the actions in the Western District of Pennsylvania[2] for coordinated or consolidated pretrial proceedings; alternatively, the Pennsylvania movants suggest the Northern District of Illinois as transferee court; and plaintiffs in three Minnesota actions seek centralization in the District of Minnesota.[3] All responding parties agree that centralization is appropriate, but disagree regarding the appropriate transferee district for this litigation. In addition to the Pennsylvania, Illinois and Minnesota courts, the Northern District of California is also suggested as transferee district.

---

    [1] The Panel has been notified that additional actions have been recently filed: ten actions in the Western District of Pennsylvania and one action in the Northern District of California. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596-97 (1993).

    [2] PPG originally suggested centralization in the Northern District of California, but, in its reply, stated that it now urged centralization in the Western District of Pennsylvania.

    [3] Plaintiff in the fourth Minnesota action switched its position at oral argument before the Panel from seeking centralization in the District of Minnesota to advocating the Western District of Pennsylvania as the transferee district.

- 2 -

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact concerning allegations that the defendant manufacturers[4] of flat glass conspired to fix prices and allocate business for flat glass in violation of a federal antitrust statute. Centralization under Section 1407 in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Pennsylvania is the most appropriate transferee forum for this litigation. We note that i) five actions now before the Panel and an additional ten related actions are pending there, ii) several plaintiffs and all responding defendants have expressed support for centralization in this court; and iii) defendant PPG is headquartered there and documents and witnesses can be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Western District of Pennsylvania be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donald E. Ziegler for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

John F. Nangle
Chairman

---

[4] PPG, Pilkington PLC, Libbey-Owens-Ford Co., AFG Industries, Inc., and Guardian Industries Corp. are named as defendant in all actions. In addition, Asahi Glass Co. is named as an additional defendant in one Minnesota action and Ford Motor Co. is named as an additional defendant in one Western Pennsylvania action.

## Schedule A

__MDL-1200 -- In re Flat Glass Antitrust Litigation__

### Northern District of California

*Engineered Glass Walls, Inc. et al.* v. *Pilkington, PLC, et al.*, C.A. No. 5:97-20707

### Northern District of Illinois

*Grimes Auto Glass, Inc.* v. *Pilkington, PLC, et al.*, C.A. No. 1:97-4965
*D&S Glass Services, Inc.* v. *Pilkington, PLC, et al.*, C.A. No. 1:97-4997
*Thermal Chek, Inc.* v. *Pilkington, PLC, et al.*, C.A. No. 1:97-5153
*Orlando Auto Top, Inc.* v. *Pilkington, PLC, et al.*, C.A. No. 1:97-5661
*George Brown & Son Glass Works, Inc.* v. *Pilkington, PLC, et al.*,
   C.A. No. 1:97-5762

### District of Minnesota

*Mayflower Sales Co., Inc.* v. *AFG Industries, Inc., et al.*, C.A. No. 0:97-1870
*Cardinal IG* v. *Libbey-Owens-Ford Co., Inc., et al.*, C.A. No. 0:97-1871
*Beletz Bros. Glass Co., Inc.* v. *AFG Industries, Inc., et al.*, C.A. No. 0:97-1903
*Complast, Inc.* v. *AFG Industries, Inc., et al.*, C.A. No. 0:97-2012

### Western District of Pennsylvania

*A. Waxman & Co.* v. *PPG Industries, Inc., et al.*, C.A. No. 2:97-1523
*Mel's Auto Glass, Inc.* v. *PPG Industries, Inc., et al.*, C.A. No. 2:97-1569
*Brian S. Nelson* v. *Pilkington, PLC, et al.*, C.A. No. 2:97-1595
*Designer Windows, Inc.* v. *AFG Industries, Inc., et al.*, C.A. No. 2:97-1597
*Moses Moore All Glass Aspects, Inc.* v. *AFG Industries, Inc., et al.*,
   C.A. No. 2:97-1598

# EXHIBIT "F"

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 21  96

PATRICIA J. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 1093*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE COMMERCIAL EXPLOSIVES ANTITRUST LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of five actions pending in the following federal districts: two actions in the Western District of Kentucky and one action each in the Eastern District of Missouri, the Northern District of Texas and the District of Utah. Before the Panel are two motions seeking to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in a single district for coordinated or consolidated pretrial proceedings. The first motion, brought by plaintiffs in one Western District of Kentucky action (*Tows*), seeks centralization in the Western District of Kentucky. The second motion, brought by plaintiff in the District of Utah action, initially sought centralization in the District of Utah,[1] but the Utah plaintiff subsequently changed its position and now seeks centralization in the Northern District of Texas. Respondents to the Section 1407 motions who support centralization are as follows: 1) principal defendants ICI Explosives USA Inc. (ICI) and Dyno Nobel, Inc. (Dyno) favor centralization in the District of Utah;[2] and 2) plaintiffs in the Eastern District of Missouri action, the Northern District of Texas action and the three potential tag-along actions favor centralization in the Northern District of Texas. Two defendants — Mine Equipment & Mill Supply Company (MEMSCO) and Dyna-Blast, Inc. (Dyna-Blast) oppose Section 1407 centralization. If the Panel deems centralization appropriate, these two defendants state their preference for the District of Utah as the transferee

---

[1] The Utah plaintiff's Section 1407 motion included one action — *Austin Explosives Co. v. ICI Explosives U.S.A., Inc., et al.,* W.D. Texas, C.A. No. 7:95-226 — that was voluntarily dismissed by the plaintiff in December 1995. The question of transfer of this action is therefore now moot.

In addition to the five actions before the Panel, three other potentially related actions are pending in the following federal districts: two in the Northern District of Texas and one in the Western District of Kentucky. These actions and any other related action will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596-97 (1993).

[2] ICI and Dyno represent that fellow defendant Strawn Explosives, Inc. (Strawn) also supports centralization in the District of Utah.

- 2 -

forum. Plaintiff in the other Western District of Kentucky action (*Winn*) opposes inclusion of its action in centralized pretrial proceedings. If the Panel deems centralization appropriate, plaintiff in *Winn* states its preference for the Western District of Kentucky as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the five actions in this litigation involve common questions of fact and that centralization in the District of Utah under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because each action is brought as a class action and is premised on allegations against ICI and Dyno (and in some instances other defendants) of a conspiracy to fix the price of, and to rig bids for, commercial explosives. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Utah is the appropriate transferee forum for this litigation. We note that: 1) Dyno, which according to the record before us is the largest manufacturer of commercial explosives in the United States, has its headquarters in Salt Lake City; 2) five defendants in this litigation -- ICI, Dyno, Strawn, MEMSCO and Dyna-Blast -- have expressed a preference for the District of Utah; and 3) the District of Utah, which is not presently serving as the transferee court for any multidistrict docket, is well equipped to bear the burdens and responsibilities of this multidistrict docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Utah be, and the same hereby are, transferred to the District of Utah and, with the consent of that court, assigned to the Honorable David Sam for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

**MDL-1093 – In re Commercial Explosives Antitrust Litigation**

#### Western District of Kentucky

*Winn Construction Co., Inc. v. ICI Explosives U.S.A., Inc., et al.*, C.A. No. 3:95-651
*Larry Bruce Towe v. ICI Explosives U.S.A. Inc., et al.*, C.A. No. 4:95-186

#### Eastern District of Missouri

*Perry County Stone Co., et al. v. ICI Explosives U.S.A., et al.*, C.A. No. 1:95-116

#### Northern District of Texas

*Magma Copper Mines v. ICI Explosives U.S.A., et al.*, C.A. No. 3:95-2170

#### District of Utah

*Explosives, Inc. v. ICI Explosives U.S.A., Inc., et al.*, C.A. No. 2:95-935

EXHIBIT "G"

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC - 1 94

PATRICIA C. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 1039

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE RESIDENTIAL DOORS ANTITRUST LITIGATION

*Norwood Sash & Door Mfg. Co. v. Premdor Corp. et al.*, M.D. Florida, C.A. No. 8:94-975
*Tonka Building Supplies, Inc. v. Premdor Corp. et al.*, M.D. Florida, C.A. No. 8:94-1127
*Lumco Industries, Inc. v. Premdor Corp.*, E.D. Pennsylvania, C.A. No. 2:94-3744
*DuBell Lumber Co. v. Premdor Corp., et al.*, E.D. Pennsylvania, C.A. No. 2:94-4174

# BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR.,* WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, AND BAREFOOT SANDERS, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation consists of the four above-captioned actions pending in the Middle District of Florida or the Eastern District of Pennsylvania. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by the plaintiffs in the two Florida actions for transfer of the two Pennsylvania actions to the Middle District of Florida for coordinated or consolidated pretrial proceedings with the two actions pending there. All other parties agree upon centralization, but the plaintiffs in the Pennsylvania actions and Premdor Corp., one of the two defendants, support selection of a different district, the Eastern District of Pennsylvania, as transferee forum. The remaining defendant, Steves & Sons, Inc., takes no position on the question of transferee district.

On the basis of the papers filed and the hearing held, the Panel finds that the four actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions i) share questions concerning the existence of a conspiracy to fix the prices of residential doors, and ii) are brought as class actions on behalf of overlapping classes. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the question of class certification), and conserve the resources of the parties, their counsel and the judiciary.

Of the two districts in which constituent actions are pending, we are persuaded that the Eastern District of Pennsylvania is the preferable transferee forum. For a litigation nationwide in scope, Philadelphia appears to be more conveniently located for the parties, their counsel and

---

*Judge Merhige took no part in the consideration of this matter.

- 2 -

potential witnesses. Furthermore, the Pennsylvania actions are assigned to a senior judge whose caseload burden is significantly less than that of the judge assigned to the two Florida actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned actions pending in the Middle District of Florida be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Raymond J. Broderick for coordinated or consolidated pretrial proceedings with the two above-captioned actions pending there.

FOR THE PANEL:

John F. Nangle
Chairman

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>PACKAGED ICE<br>ANTITRUST LITIGATION | MDL No. 1952 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2008, I caused to be served a copy of the

Response of Five Angels Management d/b/a Frank A. Smith Beverages and Joseph Difabritiis 7-

11 Food Store #24428  in Support of Transfer to the Northern District of Texas and Response

Memorandum in Support of Transfer to the Northern District of Texas by First Class Mail on all

counsel on the attached Panel Attorney Service List as well as clerks of each district court in

which an action is pending and the additional parties listed below:

Garrett D. Blanchfield, Jr.
Reinhardt Wendorf & Blanchfield
E-1250 First National Bank Bldg.
332 Minnesota Street
St. Paul, MN 55101
*Attorneys for JA-WY, Inc.*
*d/b/a Isle of Palms Red & White*
*0:08-cv-1090 (D. Minn.)*

Jason S. Kilene
Gustafson Gluek PLLC
608 2nd Avenue South, Suite 650
Minneapolis, MN 55402
*Attorneys for Arkansas Garden Center West*
*LLC and Arkansas Garden Center North*
*0:08-cv-1077 (D. Minn)*



_____
Roberta D. Liebenberg

# Judicial Panel on Multidistrict Litigation - Panel Attorney Service List
## for
## MDL 1952 - IN RE: Packaged Ice Antitrust Litigation

**\*\*\* Report Key and Title Page \*\*\***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**

\* Signifies that an appearance was made on behalf of the party by the representing attorney.

\# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.

All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**

Docket: 1952 - Packaged Ice AT

For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket:  1952 - IN RE: Packaged Ice Antitrust Litigation

Status:  Pending on  / /

Transferee District:          Judge:                                        Printed on 04/15/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Aranoff, Ronald J.<br>BERNSTEIN LIEBHARD & LIFSHITZ LLP<br>10 East 40th Street<br>22nd Floor<br>New York, NY 10016 | =>Phone: (212) 779-1414  Fax: (212) 779-3218  Email: aranoff@bernlieb.com<br>Mazel LLC* |
| Artic Glacier California,<br>c/o CT Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017 | =><br>Arctic Glacier California, Inc. |
| Asher, Steven A.<br>WEINSTEIN KITCHENOFF & ASHER LLC<br>1845 Walnut Street<br>Suite 1100<br>Philadelphia, PA 19103 | =>Phone: (215) 545-7200  Fax: (215) 545-6535  Email: asher@wka-law.com<br>Elite Energy, LLC* |
| Barnett, Barry<br>SUSMAN GODFREY LLP<br>901 Main Street<br>Suite 5100<br>Dallas, TX 75202 | =>Phone: (214) 754-1903  Fax: (214) 665-0832  Email: bbarnett@susmangodfrey.com<br>Drontle (dba Ponytail Catering), Rick*; Massino, Joseph*; Wilson Farms, Inc.* |
| Barnow, Ben<br>BARNOW & ASSOCIATES PC<br>One North LaSalle Street<br>Suite 4600<br>Chicago, IL 60602-4606 | =>Phone: (312) 621-2000  Fax: (312) 641-5504  Email: b.barnow@barnowlaw.com<br>Valencia, Jenifer* |
| Blanchfield, Jr, Garrett D.<br>REINHARDT WENDORF & BLANCHFIELD<br>332 Minnesota Street<br>Suite E-1250<br>St. Paul, MN 55101 | =>Phone: (651) 287-2100  Fax: (651) 287-2103  Email: g.blanchfield@rwblawfirm.com<br>G.M. Food & Fuel, LLC dba G.M. Food & Gas* |
| Bruckner, W. Joseph<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401-2179 | =>Phone: (612) 339-6900  Fax: (612) 339-0981  Email: wjbruckner@locklaw.com<br>Kozak Enterprises, Inc.*; Thomas Beverage Co., Inc. dba Thomas Liquors* |
| Clobes, Bryan L.<br>CAFFERTY FAUCHER LLP<br>1717 Arch Street<br>Suite 3610<br>Philadelphia, PA 19103 | =>Phone: (215) 864-2800  Fax: (215) 864-2810  Email: bclobes@caffertyfaucher.com<br>S&S Lima, Inc. dba Dry Run Beverage* |
| Cohen, Jay S.<br>SPECTOR ROSEMAN & KODROFF PC | =>Phone: (215) 496-0300  Fax: (215) 496-6611  Email: JCohen@srk-law.com<br>Emmanuel (dba 7-11 25452), Ethamma* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 1818 Market Street<br>Suite 2500<br>Philadelphia, PA 19103 | |
| Evans, John C.<br>SPECTER SPECTER EVANS & MANOGUE PC<br>Koppers Building<br>436 Seventh Avenue<br>26th Floor<br>Pittsburgh, PA 15219 | =>Phone: (412) 642-2300  Fax: (412) 642-2309  Email: jce@ssem.com<br>Linco Distributing Co., Inc. dba Beer Minimum* |
| Finkelman Bennett, Natalie<br>SHEPHERD FINKELMAN MILLER & SHAH LLC<br>35 East State Street<br>Media, PA 19063 | =>Phone: (610) 891-9880  Fax: (610) 891-9883  Email: nfinkelman@sfmaslaw.com<br>Khorchid (dba 7-Eleven), Chukrid* |
| Gittleman, Jeffrey B.<br>BARRACK RODOS & BACINE<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103 | =>Phone: (215) 963-0600  Fax: (215) 963-0838  Email: jgittleman@barrack.com<br>Melrick, Inc. dba North Main Short Stop* |
| Gordon, Ruthanne<br>BERGER & MONTAGUE PC<br>1622 Locust Street<br>Philadelphia, PA 19103-6365 | =>Phone: (215) 875-3000  Fax: (215) 875-4604  Email: rgordon@bm.net<br>Fu-Wah Mini Market*; Marchbanks Travel Service, Inc. dba Bear Mountain Travel Stop* |
| Grabar, Joshua H.<br>BOLOGNESE & ASSOCIATES LLC<br>Two Penn Center Plaza<br>1500 JFK Boulevard<br>Suite 320<br>Philadelphia, PA 19102 | =>Phone: (215) 814-6750  Fax: (215) 814-6764  Email: jgrabar@bolognese-law.com<br>823 Sproul Inc. dba Sproul Beverage*; Krainc (dba Joe's Beer Distributor), Joseph* |
| Greenberg, Roger B.<br>SCHWARTZ JUNELL GREENBERG & OATHOUT LLP<br>Two Houston Center<br>909 Fannin, Suite 2700<br>Houston, TX 77010 | =>Phone: (713) 752-0017  Fax: (713) 752-0327  Email: rgreenberg@schwartz-junell.com<br>Solid Waste, Ltd. dba Bayland Marina* |
| Kaplan, Robert N.<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022 | =>Phone: (212) 687-1980  Fax: (212) 687-7714  Email: rkaplan@kaplanfox.com<br>Chi-Mar Enterprises, Inc.* |
| Kilene, Jason S.<br>GUSTAFSON GLUEK PLLC<br>650 Northstar East<br>608 Second Avenue South<br>Minneapolis, MN 55402 | =>Phone: (612) 333-8844  Fax: (612) 339-6622  Email: jkilene@gustafsongluek.com<br>Mall Mart, Inc. dba Midway BP* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Liebenberg, Roberta D.<br>FINE KAPLAN & BLACK RPC<br>1835 Market Street<br>28th Floor<br>Philadelphia, PA 19103 | =>Phone: (215) 567-6565 Fax: (215) 568-5872 Email: rliebenberg@finekaplan.com<br>Joseph Difabritiis 7-11 Food Store #24428* |
| Litvack, Sanford M.<br>HOGAN & HARTSON LLP<br>875 Third Avenue<br>New York, NY 10022 | =>Phone: (212) 918-8271 Fax: (212) 918-3100 Email: slitvack@hhlaw.com<br>Home City Ice Co.* |
| Lockridge, Richard A.<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401-2179 | =>Phone: (612) 339-6900 Fax: (612) 339-0981 Email: lockrra@locklaw.com<br>Americana Food Store, Inc.; Public Foods, Inc.; Twin Valvue, LLC dba Seaway Marketplace |
| Maasch, Mark A.<br>TURNER & MAASCH<br>550 West C. Street<br>Suite 1150<br>San Diego, CA 92101 | =>Phone: (619) 237-1212 Fax: (619) 237-0325 Email: mam@tmsdlaw.com<br>Barranco-Grams, Jan* |
| Majoras, John M.<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001-2113 | =>Phone: (202) 879-3939 Fax: (202) 626-1700 Email: jmajoras@jonesday.com<br>Arctic Glacier Income Fund*; Arctic Glacier International, Inc.*; Arctic Glacier, Inc.* |
| Nelson, James R.<br>DLA PIPER US LLP<br>1717 Main Street<br>Suite 4600<br>Dallas, TX 75201-4629 | =>Phone: (214) 743-4500 Fax: (214) 743-4545 Email: jr.nelson@dlapiper.com<br>Reddy Ice Corp.*; Reddy Ice Holdings, Inc.* |
| Olijnyk, Martha J.<br>MILLER LAW FIRM<br>300 Miller Building<br>950 West University Drive<br>Rochester, MI 48307 | =>Phone: (248) 841-2200 Fax: (248) 652-2852 Email: mjo@millerlawpc.com<br>Circle Beer & Beverage, Inc. tdba Duffy's Pop & Beer Warehouse |
| Patane, Joseph M.<br>LAW OFFICES OF JOSEPH M PATANE<br>2280 Union Street<br>San Francisco, CA 94123 | =>Phone: (415) 447-1651 Fax: (415) 346-0679 Email: jpatane@tatp.com<br>Marin Scotty's Market, Inc.* |
| Salzman, Hollis L.<br>LABATON SUCHAROW LLP<br>140 Broadway, 33rd Floor<br>New York, NY 10005 | =>Phone: (212) 907-0700 Fax: (212) 818-0477 Email: hsalzman@labaton.com<br>Baron Group, Inc. (The) dba Baron's Ice House*; Ridge Plaza, Inc.*; Silver Springs Liquor, Inc.*;<br>Thrifty Liquor, Inc.* |
| Scott, Daniel B.<br>CHIMICLES & TIKELLIS LLP | =>Phone: (610) 642-8500 Fax: (610) 649-3633 Email: danielscott@chimicles.com<br>Y&R's, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |

One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

Sedran, Howard J.                   =>**Phone: (215) 592-1500  Fax: (215) 592-4663  Email: hsedran@lfsblaw.com**
LEVIN FISHBEIN SEDRAN & BERMAN        Five Angels Management dba Frank A. Smith Beverages*
510 Walnut Street
Suite 500
Philadelphia, PA 19106


Shub, Jonathan                      =>**Phone: (215) 564-2300  Fax: (215) 851-8029  Email: jshub@seegerweiss.com**
SEEGER WEISS LLP                      RSB Wellman Co., Inc. aka Twig's Carry Out*
1515 Market Street
Suite 1380
Philadelphia, PA 19102


Veselka, Larry R.                   =>**Phone: (713) 221-2325  Fax: (713) 221-2320  Email: lveselk@skv.com**
SMYSER KAPLAN & VESELKA               Blasingame, Rodney*
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX 77002


Wayne, Richard S.                   =>**Phone: (513) 621-2120  Fax: (513) 629-9426**
STRAUSS & TROY                        Champs Liquors, Inc.
The Federal Reserve Building
150 East Fourth Street
4th Floor
Cincinnati, OH 45202


Zylstra, Kendall S.                 =>**Phone: (215) 914-2460  Fax: (215) 914-2462  Email: kzylstra@faruqilaw.com**
FARUQI & FARUQI                       F&V Oil Co., Inc.*; Lansdale Oil Co., Inc.*; VB & FS Oil Co.*; Warrington Fuels, Inc.*
2600 Philmont Avenue
Suite 324
Huntingdon Valley, PA 19006

---

Note: Please refer to the report title page for complete report scope and key.

# FINE, KAPLAN AND BLACK, R.P.C.

### ATTORNEYS AT LAW

1835 MARKET STREET, 28TH FLOOR

PHILADELPHIA, PENNSYLVANIA 19103

ALLEN D. BLACK
DONALD L. PERELMAN
ROBERTA D. LIEBENBERG
MICHAEL D. BASCH
JEFFREY S. ISTVAN
MARY L. RUSSELL
GERARD A. DEVER
PAUL COSTA
MATTHEW DUNCAN
RIA C. MOMBLANCO
ADAM J. PESSIN

(215) 567-6565
FAX: (215) 568-5872
E-mail:mail@finekaplan.com
www.finekaplan.com

AARON M. FINE
ARTHUR M. KAPLAN
ELISE E. SINGER
LOUIS C. RICCIARDI
OF COUNSEL

April 24, 2008

FEDERAL EXPRESS

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C.  20002-8004

Re:    **MDL No. 1952 - In re:  Packaged Ice Antitrust Litigation**

Dear Sir:

Enclosed for filing please find the Response of Five Angels Management d/b/a Frank A. Smith Beverages and Joseph Difabritiis 7-11 Food Store #24428  in Support of Transfer to the Northern District of Texas, Response Memorandum in Support of Transfer to the Northern District of Texas and Certificate of Service.

Also enclosed is a disk containing a pdf version of the filing.

Respectfully,

Roberta Liebenberg

Roberta D. Liebenberg

RDL:sjh
Enclosures

cc:    All Counsel